ASSOCIATED BOOKING CORPORATION
*vs.*
CHARLES LISTON, ET AL.

Androscoggin.   Opinion, October 27, 1965.

434

*Verrill, Dana, Walker, Philbrick & Whitehouse,*
    by *Roger A. Putnam,* for Plaintiff.

*Marshall and Raymond,* for Defendant.

SITTING: WILLIAMSON, C. J.; WEBBER, MARDEN, RUDMAN, DUFRESNE, JJ. TAPLEY, J. did not sit.

MARDEN, J.    On appeal, to resolve the question whether, under Rule 4 M.R.C.P., the special appointment of a person to serve process excludes the service of that process by a sheriff or his deputy.

The "process" dealt with in Rule 4 and here involved is a summons.

On a complaint and summons, involving a restraining order, dated May 24, 1965 the plaintiff, anticipating difficulty in making service upon the defendant by the usual means, by oral motion requested a special appointment for the service of the process under the provisions of Rule 4 (c) M.R.C.P.[1]  The court being satisfied that reason existed therefor specially appointed a person, not a sheriff or deputy, to serve the process.

---

[1] *Rule 4 (c).* "*By Whom Served.* Service of all process shall be made by a sheriff or his deputy within his county, by a constable or other person authorized by law, or by some person specially appointed by the court for that purpose, except that a subpoena may be served as provided in Rule 45. Special appointments to serve process shall be made freely when substantial savings in travel fees will result."

The appointee was unsuccessful in completing service of the process and it was then delivered to a deputy sheriff, who completed the service.

Defendant challenged the validity of the service made by the deputy sheriff contending that the special appointment for the service of the process specifically excluded all other methods of service and a motion by the defendant to dismiss the complaint for want of service was granted by the trial court. Plaintiff appealed.

Our Rule 4 (c) is taken from Federal Rules of Civil Procedure 4 (c), but no federal case on point has been called to our attention nor have we been able to find one.

The challenge is premised upon 14 M.R.S.A., § 702 (formerly Section 159, Chapter 89, R. S., 1954) which provides:

> "Every sheriff and each of his deputies shall serve and execute, within his county, all writs and precepts issued by lawful authority to him directed and committed, * * *."

and the factual situation in the present case wherein the precept was not "directed and committed" to the deputy sheriff, but to a third person specially appointed.

The resolution of the question is to be found in not only the intent, but the letter of our Rules of Civil Procedure.

> "The general statutes relating to method of service of process, R.S. 1954, Chap. 112, Sec. 17ff., have been repealed and service of process will in general be governed by Rule 4 (d) to (i), inclusive." Maine Civil Practice, Field and McKusick, Reporter's Notes at page 32.

Chapter 317 of the Public Laws of 1959 which repealed many provisions of the statutes conflicting with the Civil Rules, and adopted for the purpose of harmonizing the

statutes with the rules, did not strike Section 159 of Chapter 89, R. S., 1954 (now 14 M.R.S.A., § 702), but Chapter 159 of the Public Laws of 1957 empowering this court to prescribe civil rules provided that upon the promulgation of the civil rules "all laws and rules in conflict therewith shall be of no further force or effect." To the extent that Rule 4 (c) M.R.C.P. may conflict with 14 M.R.S.A., § 702, the rules govern.

Before the adoption of our Civil Rules all civil precepts issued by our courts were directed "to the Sheriff of our several counties or either of their Deputies," but this is no longer the practice. The only precept retaining a direction to the sheriff or his deputies is that calling for an attachment of real or personal property, and while a precept so reading requires a sheriff or his deputy to execute it under this subsisting statute and further dealt with in Rule 4A M.R.C.P., Rule 4 (c) M.R.C.P. expands the means of serving process within the declared intent of the rules "to secure the just, speedy and inexpensive determination of every action." Rule 1 M.R.C.P. The last sentence in Rule 4 (c) M.R.C.P. (Footnote 1) confirms this policy.

A special appointment by the court of a person to serve process under our current practice does not per se exclude the service of that process "by a sheriff or his deputy within his county, by a constable or other person authorized by law, * * *."

*Graves* v. *Smart*, 75 Me. 296 (1883) has been cited in support of the finding of invalidity of the current service but this decision does not affect the holding in that case. Plaintiff Graves was a deputy sheriff. The statutes with which *Graves* dealt provided that an attachment, such as there involved, issued against a sheriff or his deputy might "be directed to a coroner or any other person therein designated * * *." (R. S., 1871, Chapter 99, Section 27), and

that "any writ or precept in which the deputy of a sheriff is a party may be served by any other deputy of the same sheriff." (Public Laws, 1879, Chapter 82.) The writ was directed to a coroner. The sheriff of the county, although also a coroner, served the process as sheriff which service was held invalid inasmuch as the sheriff was not authorized to execute the process. The court said at page 297, that the service "was not in accordance with the mandate of the writ, nor by one authorized to serve." There is no implication that service by the alternative method would not have been valid, — rather the reverse.

Under our present rule service is authorized "by a sheriff or his deputy within his county, by a constable or other person authorized by law, or by some person specially appointed by the court for that purpose, * * *." A special appointment does not vitiate the authority of the others designated in the rule.

*Appeal sustained.*