**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Zakee Muhammad IDDEEN, a/k/a Windel X McMilliam, Vernard Stuten, Augusta Crawford, Lloyd Waters and Steven R. Lavine, Defendant-Appellant.**

**No. 87–1910.**

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1988.

John H. Hagler, (court appointed co-counsel), John A. Funk, Dallas, Tex., (court appointed), for defendant-appellant.

Richard B. Roper, Asst. U.S. Atty., Marvin Collins, Dallas, Tex., for plaintiff-appellee.

Before REAVLEY and JONES, Circuit Judges, and MAHON *, District Judge.

REAVLEY, Circuit Judge:

Zakee Muhammad Iddeen appeals the district court's imposition of a ten-year term of imprisonment on his conviction for failing to surrender for service of sentence pursuant to a court order. *See* 18 U.S.C. § 3146. Holding that the sentence imposed

exceeds the statutory maximum, we vacate the sentence and remand for resentencing.

### I

On September 30, 1986, Iddeen was convicted on ten counts of mail fraud under 18 U.S.C. § 1341, and released on bond pending sentencing. *See* 18 U.S.C. § 3143(a). Iddeen failed to appear at his sentencing hearing and remained a fugitive until apprehended in September 1987.

On December 2, 1986, a grand jury returned a single count indictment charging Iddeen with failure to appear at the sentencing hearing, a violation of 18 U.S.C. § 3146. On September 11, 1987, the district court sentenced Iddeen to a four-year term of imprisonment on each mail fraud count to run consecutively, for a total of forty years. A jury then found Iddeen guilty on the failure to appear count, and the district court, pursuant to 18 U.S.C. § 3146(b)(1)(A), imposed a ten-year term of imprisonment to run consecutive to Iddeen's forty-year sentence.

■ On this appeal, Iddeen contends that the district court's imposition of the ten-year sentence (on his failure to appear conviction) exceeded the statutory maximum.[1] To examine this claim, we begin with a brief review of § 3146 [2] and its legislative history.

### II

Section 3146(a) provides that "[a] person commits an offense if, after having been released ... (1) he knowingly fails to appear before a court as required by the conditions of his release; or (2) *he knowingly fails to surrender for service of sen-*

---

* District Judge of the Northern District of Texas, sitting by designation.

1. On October 16, 1987, three days before trial, Iddeen filed a "Motion for Leave to File an Affidavit of Bias and Prejudice," alleging that the district judge was racially biased and prejudiced against him. The district court denied this motion, holding that it was untimely under 28 U.S.C. § 144.

   Iddeen now contends that the district court improperly denied his motion. This contention is meritless because the motion was

brought within ten days of trial and Iddeen failed to show good cause for his failure to file in a timely fashion. *See* 28 U.S.C. § 144.

2. Section 3146 was amended in 1986 and the amended version became effective in December of that year. The sentencing hearing at which Iddeen failed to appear was scheduled for November 5, 1986. While the pre- and post-amendment versions of § 3146 are substantially similar, the pre-amendment version is controlling on this appeal.

*tence pursuant to a court order.*" (emphasis added). Subsection (b), which sets forth the maximum punishment that can be imposed for failing to appear, provides:

If the person was released—
(1) in connection with a charge of, or *while awaiting sentence, ... for—*
(A) *an offense punishable by* death, life imprisonment, or *imprisonment for a term of fifteen years or more, he shall be* fined not more than $25,-000 or *imprisoned for not more than ten years,* or both;
(B) *an offense punishable by imprisonment for a term of five or more years, but less than fifteen years, he shall be* fined not more than $10,000 or *imprisoned for not more than five years,* or both;
(C) any other felony, he shall be fined not more than $5,000 or imprisoned for not more than two years, or both; or
(D) a misdemeanor, he shall be fined not more than $2,000 or imprisoned for not more than one year, or both; or
(2) for appearance as a material witness, he shall be fined not more than $1,000 or imprisoned for not more than one year, or both.
A term of imprisonment imposed pursuant to this section shall be consecutive to the sentence of imprisonment for any other offense.

18 U.S.C. § 3146(b) (emphasis added).

Section 3146(b) reflects Congress' intent to equate the penalties for failing to appear with the penalties applicable to the underlying criminal offenses for which defendants have been released. A Senate report explained that § 3146

continues the current law offense of bail jumping[3] although the grading has been enhanced to more nearly parallel that of the underlying offense for which the defendant was released. This enhanced grading provision is designed to eliminate the temptation to a defendant to go into hiding until the government's case for a serious felony grows stale or until a witness becomes unavailable, often a problem with the passage of time in narcotics offenses, and then to surface at a later date with criminal liability limited to the less serious bail jumping offense.

S.Rep. No. 98–225, 98th Cong., 2d Sess. 31, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3214 (footnote added).

### III

Iddeen was charged with the underlying offense of mail fraud, which carries a maximum sentence of five years. 18 U.S.C. § 1341. Because he was convicted on ten counts, he faced a maximum sentence of fifty years. On the failure to appear charge, the district court concluded that § 3146(b)(1)(A) was applicable and accordingly imposed a ten-year sentence. Iddeen contends that, because mail fraud carries a maximum sentence of five years, § 3146(b)(1)(B) applies to limit the maximum sentence to five years.

To support the district court's interpretation, the government contends that § 3146 should be read in conjunction with Fed. R. Crim. P. 8(a) and 1 U.S.C. § 1. Rule 8(a) allows the government to charge two or more similar offenses in the same indictment,[4] and § 1 specifies that "[i]n deter-

---

**3.** Under prior law in effect in 1984, the penalties for bail jumping were set forth in 18 U.S.C. § 3150, which provided:

Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both,

or (2) if he was released on connection with a charge of misdemeanor, be fined not more than the maximum provided for such misdemeanor or imprisoned for not more than one year, or both, or (3) if he was released for appearance as a material witness, shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

**4.** Rule 8(a) provides:

Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or

mining the meaning of any Act of Congress, unless the context indicates otherwise—words importing the singular include and apply to several persons, parties, or things."

Noting that an indictment can include numerous and varied counts, and applying § 1, the government reads the phrase "an offense" in § 3146(b)(1)(A) & (B) to mean "offenses." The government contends that two possible interpretations support the district court's imposition of a ten-year sentence. First, the government argues that the phrase "an offense punishable by" refers to the total term of confinement that could be imposed upon a defendant based upon either the counts charged in the indictment (if release occurs prior to conviction), or the offenses which underlie the conviction (if release occurs after conviction). Because Iddeen faced a maximum term of confinement of fifty years (on ten counts of mail fraud), the government concludes that § 3146(b)(1)(A) applies. Alternatively, the government argues that Iddeen's failure to appear constitutes ten separate offenses because he failed to appear for sentencing on each of the ten mail fraud counts for which he had been convicted. The government, applying § 3146(b)(1)(B) to each of the ten separate offenses of failing to appear, concludes that the maximum available sentence was fifty years. To support these interpretations, the government notes that Congress intended to deter defendants from fleeing by equating penalties for substantive offenses with penalties for failing to appear, and concludes that either of its interpretations effectuates this intent.

■ We reject the government's proposed interpretations. The rule that words importing the singular may include "several persons, parties, or things," 1 U.S.C. § 1, applies only "where it is necessary to carry out the evident intent of the statute." *First Nat'l Bank in St. Louis v. Missouri*, 263 U.S. 640, 657, 44 S.Ct. 213, 215, 68 L.Ed. 486 (1924). *See Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869–70 (5th Cir.1986). To effectuate Congress' intent, the term "offense" in § 3146 need not be read in its plural form. While § 3146 was designed to deter defendants from fleeing, this purpose is served by interpreting the term "offense" to mean any single offense either charged in the indictment or for which a defendant has been convicted. Thus, where a defendant has been charged with, or been convicted of, multiple offenses and fails to appear as required by the conditions of his release or pursuant to a court order, the district court, in imposing a sentence for the § 3146 violation, can apply the penalty provision of any one of the underlying offenses with which the defendant has been charged or convicted. If the penalty provision of the underlying offense chosen permits the imposition of a fifteen-year term of imprisonment, § 3146(b)(1)(A) applies and a ten-year sentence can be imposed. Conversely, if the penalty provision of the underlying offense chosen permits the imposition of a term of imprisonment from five to more years, but less than fifteen years, § 3146(b)(1)(B) applies and a five-year sentence can be imposed.

While this interpretation does not maximize the deterrent effect of § 3146, it is consistent with the plain meaning of the language used and carries forth Congress' desire to deter flight by permitting the imposition of a ten-year sentence when the crimes with which defendants are charged, or for which they have been convicted, carry severe penalties. Congress could have drafted § 3146 to relate its range of punishment to the total possible term of confinement for all offenses for which defendants have been released. Instead, it used the phrase "an offense punishable by" to describe the penalty provision of the underlying offense. Resolving any ambiguity in favor of lenity, *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980), we reject the government's first proposed interpretation.

■ We also find no merit to the government's argument that because Iddeen was

---

similar character or are based on the same act or transaction or on two or more acts or

transactions connected together or constituting parts of a common scheme or plan.

convicted of ten counts of mail fraud and failed to appear for sentencing on each count, he committed ten separate violations of § 3146. Section 3146 specifies that a person commits *an offense* if he fails to appear for service of sentence pursuant to a court order, and does not provide that the number of offenses which underlie a conviction dictate the number of offenses committed by failing to appear. The plain meaning of the language used clearly indicates that a single offense is committed irrespective of the number of offenses underlying the conviction.

 Iddeen failed to appear for sentencing on ten counts of mail fraud, each of which carried a maximum term of imprisonment of five years. Because this term falls between the five to fifteen year range, § 3146(b)(1)(B) applies to permit a maximum sentence of five years. By incorrectly applying § 3146(b)(1)(A), the district court imposed a sentence that exceeds the statutory maximum. We therefore vacate the sentence and remand for resentencing.

REMANDED.