**YOUR HOMES, INC.**

v.

**CITY OF PORTLAND BOARD OF ZONING APPEALS.**

Supreme Judicial Court of Maine.

Jan. 7, 1972.

———◆———

Blaisdell & Blaisdell by Malcolm S. Stevenson, Ellsworth, for plaintiff.

Charles A. Lane, Robert W. Donovan, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and ARCHIBALD, JJ.

ARCHIBALD, Justice.

On appeal.

The plaintiff, owner of certain real estate in the City of Portland, filed an application with the Building Inspector of the City of Portland requesting permission to use its property as a mobile home park. This application was denied and an appeal

was taken to the Zoning Board of Appeals, which Board sustained the decision of the Building Inspector. The plaintiff seasonably appealed to the Superior Court pursuant to the provisions of 30 M.R.S.A., § 4954, subd. 2 par. B. The notice of the appeal was served by summons as provided in M.R.C.P., Rule 4.

On October 28, 1970, a Justice of the Superior Court dismissed the appeal because "the Plaintiff failed to have Notice of the Appeal ordered by the Court as required by 30 M.R.S.A., § 4854 B [sic] and this Court is therefore without jurisdiction to entertain the appeal." The plaintiff on October 30, 1970, filed a motion to amend the process which was denied.

The propriety of these rulings is the only issue before this Court.

30 M.R.S.A., § 4954, subd. 2 provides for an appeal from the decision of a zoning board of appeals to the Superior Court in this language:

"An appeal may be taken from any decision of the building inspector to the board of appeals, and from the board of appeal to the Superior Court."

Such appeal must be taken within thirty days after the decision. The statute in force at the time, 30 M.R.S.A., § 4954, subd. 2, par. B, provided that "[n]otice of the appeal shall be ordered by the court . . . ." The plaintiff did not obtain a special order of court for service of a notice of appeal and the Justice below based his dismissal of the complaint upon this failure.

4 M.R.S.A., § 8 vests the Supreme Judicial Court with rule making power:

"The Supreme Judicial Court shall have the power to prescribe, by general rules, for the District and Superior Courts of Maine, the forms of process, writs, pleadings and motions, and the practice and procedure in civil actions at law. . . . After the effective date of said rules as promulgated or amended,

all laws in conflict therewith shall be of no further force or effect."

This power was exercised and the Maine Rules of Civil Procedure became effective December 1, 1959.

By Chapter 317 of the Public Laws of 1959 the legislature by an omnibus act amended the procedural statutes to bring them into conformity with the new rules. Although the above quoted provision of § 4954, subd. 2, par. B was not altered by amendment, we view it as a legislative oversight. We note that this section was amended by the legislature in 1971 so that Paragraph B of Subsection 2 thereof reads as follows:

"B. The appeal to the Superior Court must be taken within 30 days after the decision is rendered by filing a complaint and following the procedure set forth in Rule 80B of the Maine Rules of Civil Procedure. The hearing before the Superior Court is a trial de novo without jury."

Service of process is procedural. The plaintiff actually noted its appeal seasonably. M.R.C.P., Rule 80B provides the procedure by which the Superior Court on appeal may review the proceedings had before a governmental agency such as the zoning board of appeals. This rule contains the following provisions:

"The complaint and summons shall be served upon the agency and all parties in accordance with the provisions of Rule 4. The complaint shall include a concise statement of the grounds upon which the plaintiff contends he is entitled to relief, and shall demand the relief to which he believes himself entitled."

The record before us indicates a compliance with this mandate and thus, absent the statutory requirement that the notice of appeal "shall be ordered by the Court," this appeal was properly before the Superior Court.

4 M.R.S.A., § 8 was an effective delegation to the Supreme Judicial Court of the previously reserved legislative power to regulate court procedure. The act had the effect of repealing inconsistent statutes on promulgation of the Civil Rules of Procedure. We conclude that appeals from administrative agencies then became regulated by Rule 80B and service of the necessary process to bring the matter into the Superior Court was governed by Rule 4 and not by the pre-existing statute.

Chapter 317 of the Public Laws of 1959 was passed to harmonize the rules with the statutes, but was not intended to eliminate all inconsistencies. Field, McKusick and Wroth, Maine Civil Practice, in the Commentary under Rule 1 state:

"The Legislature in the harmonizing statutes plainly has not attempted to nullify any rule of court. Anything in those statutes which may be found to be inconsistent with a rule must be disregarded in order to carry out the manifest legislative intent to eliminate statutory matter in conflict with the rules." Commentary 1.3.

To the extent, therefore, that the expression "notice of the appeal shall be ordered by the Court" is inconsistent with the sentence in Rule 80B requiring that the process be served "in accordance with the provisions of Rule 4," the rules govern. Associated Booking Corp. v. Liston, et al, (1965) 161 Me. 433, 213 A.2d 829.

The plaintiff also appealed from the denial of its motion to amend the process by obtaining a special order of court and again serving the notice of appeal. Since we have held that the notice of appeal was properly served under Rule 4, nothing would have been gained by granting this motion.

The entry is

Appeal sustained.

Remanded to the Superior Court for further proceedings on the merits of the appeal.

All Justices concurring.

WERNICK, J., did not sit.