Donna A. **FULLER**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued March 11, 1985.

Decided April 12, 1985.

---

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Phillip E. Johnson (orally), Augusta, for plaintiff.

Wheeler, Arey & Kelleher, William J. Kelleher (orally), Waterville, for State of Maine.

David Ray, Portland, for Karine E. Downs.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, the State of Maine, appeals from a judgment of the Superior Court, Kennebec County, denying its motion for relief from judgment pursuant to M.R.Civ.P. 60(b)(5).

In February 1982, Donna Fuller, the plaintiff, suffered serious personal injury when the car in which she was a passenger collided head-on with a car owned by the State of Maine and driven by a state employee. The plaintiff brought suit against both Karine Downs, the driver of the car in which she was riding, and the State. In September 1983, the State made an offer to allow judgment to be taken against it in the amount of $30,000, pursuant to M.R.Civ.P. 68. The plaintiff accepted the offer on September 9; the Superior Court clerk entered the $30,000 judgment for her in accordance with Rule 68 on October 17. On October 21, the plaintiff executed a general release and indemnity agreement settling her claim against Karine Downs for $25,-000.

When execution was issued on the judgment in response to the plaintiff's request, the State filed a motion for relief from the judgment pursuant to M.R.Civ.P. 60(b)(5).[1] The State declared the basis of its motion to be that the plaintiff had received the full amount of $30,000, either from the State or from "persons making such payments for which the State of Maine is entitled to credit." After hearing, the Superior Court held that a Rule 68 judgment is only a formal means of settlement, and the State was not entitled to set off against its judgment the payments made by Downs to the plaintiff. We affirm the Superior Court judgment.

The root of the State's argument is that a judgment entered pursuant to Rule 68 should have the same effect as an adjudication of the merits of a case. The State therefore contends that the plaintiff's acceptance of its $30,000 offer of judgment fixed the total amount of damages she could recover from both defendants. The State maintains that the Rule 68 judgment should bring 14 M.R.S.A. § 163 into operation, permitting the State to reduce the $30,000 judgment against the State by the $25,000 settlement paid by Downs. We do not agree with either part of the State's thesis.

Rule 68, governing offers of judgment, provides:

> ....
> (5) the judgment has been satisfied, released, or discharged....

---

1. The rule states in relevant part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

At any time more than 10 days before the trial begins or within such shorter time as the court may approve, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer or within such shorter time as the court may order the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days, or such shorter time as the court may approve, prior to the commencement of hearings to determine the amount or extent of liability.

M.R.Civ.P. 68. The purpose of the federal rule, from which the Maine rule derives, is to promote settlement and avoid protracted litigation. *Delta Airlines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981); 12 C. Wright & A. Miller, *Federal Practice & Procedure* § 3001 at 56 (1973). The general principle of the rule is that a party who refuses an offer of settlement and insists on taking his suit to trial is not entitled to costs when he recovers less than the amount of the offer. 12 Wright & Miller § 3001 at 56;

*see Delta Airlines v. August,* 450 U.S. at 350, 101 S.Ct. at 1149 (rule prescribes certain consequences for formal settlement offers extended by one defending against claim).

Noting that Rule 54(a) does not exclude a Rule 68 judgment from its definition, the State argues that Rule 54(a) defines "judgment" as employed in the rules as "includ[ing] a decree and any order from which an appeal lies." Rule 54(c) states that "every judgment shall grant the relief to which the party in whose favor it is rendered is entitled." Therefore, according to the State the $30,000 judgment must have granted the relief to which Fuller was entitled, that is, it established her total damages at $30,000.

We find the State's reasoning flawed. Furthermore, it is not in accord with the accepted interpretation of the rules.

> The rules distinguish between (1) rendering or directing judgment and (2) entering judgment. Rendition of judgment is a judicial act; it may be in writing or by mere oral direction in open court or to the clerk. Entry of judgment is a ministerial act performed by the clerk by notation of the judgment upon the docket.

2 Field, McKusick & Wroth, *Maine Civil Practice* § 54.1 at 6 (2d ed. 1970); *see id.* § 54.2 at 8 (judgment to be distinguished from the notation on the docket).

▬▬ It is obvious that a judgment entered on a rule 68 offer does not rise to the level of a judicial act within the meaning of Rule 54(c), but is a ministerial act performed in accordance with the rule's function as a method of encouraging and formalizing settlement offers. Furthermore, Rule 54(c) addresses the degree to which a plaintiff is limited by his complaint's demand for judgment. *Id.* § 54.4 at 9. "A plaintiff should receive the judgment to which he is entitled where the defendant has actually appeared and litigated, or had the opportunity to litigate, the issue, without being limited to his ad damnum or other demand for judgment." *Id.* § 54.4 at

10. Here, the damages to which the plaintiff was entitled were never litigated or established by a disinterested finder of fact. The State's offer to have judgment taken against *it* in a certain amount cannot establish the amount of damages to which the plaintiff was entitled from Downs, who was not a party to the offer.

Because a judgment entered under Rule 68 is not an adjudication,[2] and there was no adjudication of either liability or damages, 14 M.R.S.A. § 163 cannot operate to require reduction of the State's $30,000 offer of judgment by the $25,000 out of court settlement. Section 163 provides:

**§ 163. Release of joint tortfeasors**

Whenever a person seeks recovery for a personal injury or property damage caused by 2 or more persons, the settlement with or release of one or more of the persons causing the injury shall not be a bar to a subsequent action against the other person or persons also causing the injury.

Evidence of settlement with a release of one or more persons causing the injury shall not be admissible at a subsequent trial against the other person or persons also causing the injury. After the jury has returned its verdict, the trial judge shall inquire of the attorneys for the parties whether such a settlement or release has occurred. If such settlement or release has occurred, the trial judge shall reduce the verdict by an amount equal to the settlement with or the consideration for the release of the other persons.

14 M.R.S.A. § 163 (1980).

■ We hold the statute clearly contemplates a trial and determination of damages before a settlement with one tortfeasor can reduce a judgment against another. The State provides us with no authority to support its argument for an offset between two settlements. Without a true adjudicative judgment, the State's invocation of the common law rule of "one satisfaction" founders. Similarly, the State's reliance on section 50 of the Restatement (Second) of Judgments is misplaced because that section is based upon a judgment *"rendered* against one of several persons each of whom *is liable...."* Restatement (Second) of Judgments § 50 (1982) (emphasis added).

The State accuses the plaintiff of inconsistency in maintaining that the Rule 68 judgment is a settlement while seeking to enforce it in the same manner as a judgment after trial. As well as by its terms benefitting the defendant-offeror, the rule benefits the judicial system by encouraging parties to litigation to settle and forego lengthy and expensive trials. We see no inconsistency in the court's proffering its enforcement power as an inducement for a plaintiff to choose this mechanism for settlement.

We review a trial court's disposition of a Rule 60(b)(5) motion for abuse of discretion. 2 Field, McKusick & Wroth § 60.1 at 71. Unless, as the State maintains, the Superior Court erred as a matter of law concerning the nature of a Rule 68 judgment, this court must give considerable deference to that court's exercise of discretion. 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2872 at 261 (1973). We find neither error in law nor abuse of discretion in the determination of the Superior Court.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Black's Law Dictionary defines "adjudication" as "[t]he formal *giving* or *pronouncing* a judgment or decree in a cause; also the judgment *given.* The entry of a decree *by a court* in respect to the parties in a case.... It implies a hearing by a court, after notice, of legal evidence on the factual issue(s) involved." Black's Law Dictionary 39 (5th ed. 1979) (emphasis added).