**Gary P. JOHNSTON,**
**Plaintiff-Appellant,**

v.

**PENROD DRILLING COMPANY,**
**Defendant-Appellee.**

**No. 85–3697.**

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1986.

Camilo K. Salas, III, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, La., for Gary P. Johnston.

S. Daniel Meeks, Hebert & Abbott, New Orleans, La., for Penrod Drilling Co.

Before WISDOM, DAVIS and JONES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Gary Johnston appeals from an amended final judgment imposing costs against him pursuant to Rule 68, F.R.C.P.[1] Rule 68 provides that the plaintiff "must pay the costs incurred" after the defendant makes a formal offer of judgment if "the judgment finally obtained by the offeree is not more favorable than the offer."

The question presented on appeal is whether Rule 68 applies to an unapportioned joint offer of judgment made by two defendants when: (1) one of the defendants

---

1. The rule states:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

Rule 68, F.R.C.P.

settles with the plaintiff individually after the joint offer is not accepted; and (2) the plaintiff recovers a judgment from the remaining defendant for less than the original joint offer. We hold that the rule does not apply in this circumstance; consequently, we vacate the district court's assessment of costs and remand to the district court to tax costs under Rule 54(d), F.R.C.P.

## I.

Johnston sued Penrod Drilling Company (Penrod) and B.J. Hughes Corporation (Hughes) under the Jones Act and general maritime law to recover for personal injuries he sustained while in the employ of Penrod. After the action was commenced, Hughes and Penrod made an unapportioned joint offer of judgment to Johnston for $7,500 as allowed by Rule 68. Johnston did not accept the offer within ten days and it was considered withdrawn under Rule 68. Johnston later settled with Hughes for $3,500 and proceeded to trial solely against Penrod. At trial, the jury found in favor of Johnston and after a reduction for contributory negligence, fixed his damages at $6,526.80; the district court entered judgment in favor of Johnston in that amount plus all costs of the proceedings. Penrod then moved to amend the judgment contending that Rule 68 required Johnston to pay its costs because Johnston declined the joint offer of judgment. The district court agreed and imposed costs against Johnston.

Johnston argues that the district court erred in awarding costs to Penrod pursuant to Rule 68 because his total recovery from both defendants—$3,500 from Hughes by settlement and $6,526.80 from Penrod by judgment—is "more favorable" than the original $7,500 joint offer of judgment. Penrod counters that the amount of the offer exceeded the judgment finally rendered against it, and the court correctly followed the rule in imposing costs against Johnston.

## II

### A.

■ The party who prevails in a lawsuit ordinarily recovers his costs from his losing opponent. Rule 54(d), F.R.C.P.[2] Rule 54(d), however, permits the district court, on a showing of good cause to require the prevailing party to bear the costs. Rule 68 operates to *require* a prevailing plaintiff to pay the costs of the litigation in the single circumstance covered by the rule: where the plaintiff does not accept the defendant's offer of judgment which is more favorable than the judgment the plaintiff ultimately obtains. *Delta Airlines v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). The language of Rule 68 is mandatory; where the rule operates, it leaves no room for district court discretion. *See id.* at 355–56, 101 S.Ct. at 1151–52; *see also Liberty Mutual Insurance Co. v. E.E. O.C.,* 691 F.2d 438, 442 (9th Cir.1983).

The purpose of Rule 68 is to encourage settlement of litigation. *Delta,* 450 U.S. at 352, 101 S.Ct. at 1150. When it is likely that the plaintiff will obtain a judgment but the amount of such judgment is uncertain, the rule provides the plaintiff an additional incentive to settle the case by creating the possibility that the plaintiff will "lose some of the benefits of victory if his recovery is less than the offer." *Id.*

### B.

We first consider the argument that Rule 68 only applies to an offer of judgment made by a single defendant to a single plaintiff because the rule is couched in the singular; it refers to "*a party* defending against *a claim*."

■ It does not follow from this style of draftsmanship that Rule 68 has no application to a joint offer of judgment made to a plaintiff by a number of defendants. The Federal Rules of Civil Procedure are sub-

**2.** Rule 54(d) provides in pertinent part: "[C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs,...."

ject to the interpretive provision included in 1 U.S.C. § 1 that states: "words importing the singular *include and apply* to several persons, *parties* or things." 1 U.S.C.A. § 1 (1985) (emphasis added).[3] This rule of construction is to be applied when "necessary to carry out the evident intent of the statute." *First National Bank in St. Louis v. Missouri*, 263 U.S. 640, 657, 44 S.Ct. 213, 215, 68 L.Ed. 486 (1924). The "evident intent" of Rule 68 is to promote early settlement of litigation. We are satisfied that Congress did not adopt the rule to promote settlement generally and then limit its potential application to the small fraction of civil cases pending in federal court in which a single plaintiff sues a single defendant. Consequently, we reject the argument that the rule does not apply to a joint offer. We conclude that if Johnston's judgment had been rendered against both Penrod and Hughes, Rule 68 would apply to automatically shift the costs of the action to the plaintiff.

### C.

The question for decision narrows to whether the settlement by Hughes, and its exclusion from the judgment rendered in favor of Johnston and against Penrod, prevents application of the rule.

The arguments of the parties point out the difficulty of determining what figures should be compared to determine whether the judgment exceeds the offer. Johnston contends that if the rule applies, the amount received in judgment should include the $3,500 he received in settlement from Hughes because this is the true measure of his recovery. Penrod argues that the sum received in settlement should not be considered because the rule only addresses sums received "by judgment."

Rule 68's description of the sum to be compared to the offer is clear: "the judgment finally obtained." This explicit language is not subject to an interpretation that would allow this sum to be increased to include amounts received by the plaintiff in settlement.

■ Penrod argues that the judgment obtained against it is comparable to the joint offer because a properly instructed jury assessed Johnston's *total* damages without regard to whether all of the original defendants were still in the case. Although this is true, the settlement may have nevertheless had an effect on the damage award. The character and dynamics of a trial often are drastically changed when one or more parties are dismissed. In this case, for example, if the jury had found Hughes *and* Penrod at fault, it is likely that it would have reduced the extent of Johnston's contributory negligence. In sum, the figure represented by the joint offer of Hughes and Penrod on the one hand and the dollar judgment obtained only against Penrod on the other are not comparable figures for the purpose of shifting costs under Rule 68.

■ We are also persuaded that the equities tip in favor of Johnston; it is simply not fair to automatically shift the costs to him after he managed to obtain more in settlement and judgment than the defendants offered him. For these reasons, we conclude that Rule 68 is not designed to apply in this circumstance.

Neither should the district court undertake an apportionment of the joint offer in an attempt to obtain more comparable figures. Rule 68 is a mandatory rule designed to operate automatically by a comparison of two clearly defined figures. In *Delta Airlines v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the defendant argued that Rule 68 operated to shift the costs to the plaintiff when the defendant's $450 offer was rejected and defendant later obtained a take nothing judgment. The Court held that Rule 68 did not operate to shift costs because a take nothing judgment was not a "judgment finally obtained by the offeree." Our interpretation of Rule 68 is consistent with the teaching of *Delta*: it is a mandatory rule to be narrowly applied. Rule 54(d) gives the

---

**3.** *See also* 2A Sutherland, Statutory Construc- tion § 47.34 (4th ed. 1984).

district court the necessary discretion to tax costs against the party who should equitably bear them. Rule 68, which provides that the plaintiff *must* pay costs if its conditions are met, is not such a rule.

A party in Penrod's position is not without a remedy. The rule expressly provides for successive offers and nothing prevented Penrod from making a new offer of judgment in compliance with Rule 68 after Hughes settled with Johnston. If Penrod had made such an offer in excess of the judgment ultimately obtained against it, Rule 68 would clearly apply.

Because we conclude that Rule 68 is inapplicable, we vacate the judgment awarding costs under Rule 68 and remand the case to the district court to tax costs under Rule 54(d).

VACATED and REMANDED.