1997 ME 92

**Heidi ARSENAULT,**

v.

**Richard CROSSMAN.**

Supreme Judicial Court of Maine.

Argued Feb. 6, 1997.
Reargued April 7, 1997.
Decided May 5, 1997.

Anthony K. Ferguson (orally) Roscoe H. Fales, Fales, Fales & Fales, P.A., Lewiston, for plaintiff.

Catherine R. Connors (orally) Jared S. des Rosiers, Portland, Roger J. O'Donnell, III, Platz & Thompson, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Richard Crossman appeals from the order of the Superior Court (Androscoggin County, Delahanty, J.) awarding him costs pursuant to M.R.Civ.P. 68.[1] On appeal, Crossman contends that the trial court erred by determining that the Rule allowed it to exercise discretion in reducing the amount of costs awarded. We disagree and affirm the judgment.

---

1. Rule 68 provides:

At any time more than 10 days before the trial begins or within such shorter time as the court may approve, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after service of the offer or within such shorter time as the court may order the adverse party serves written notice that the offer is accepted, either party may then file the offer

[¶ 2] Heidi Arsenault brought suit against Richard Crossman seeking compensation for the injuries she suffered in an automobile accident. More than 10 days before trial, Crossman offered to allow judgment pursuant to M.R.Civ.P. 68 in the amount of $10,000. Crossman's offer was not accepted. The matter proceeded to trial, and judgment was entered on a jury verdict in favor of Arsenault for $6,200.30, plus costs and interest.

[¶ 3] Crossman filed a post-trial motion pursuant to Rule 68 to recover his costs from the date of his offer to the date of the judgment. He originally sought costs of $2,946.15 but later reduced his claim to $2,536.15. In response to Crossman's motion, Arsenault filed an affidavit asking the court to consider her lack of financial resources in making its award of costs. The court concluded that it had authority pursuant to 14 M.R.S.A. § 1502–D (Supp.1996)[2] to award less than Crossman had submitted as his bill of costs. It awarded him $304.89, the amount of the costs awarded Arsenault on her jury verdict. Crossman contends that the hardship provision of § 1502–D does not permit relief to one bearing the burden imposed by Rule 68. We disagree.

■ [¶ 4] The Supreme Judicial Court in promulgating rules of civil procedure exercises its authority to enact measures that regulate court procedure. *Your Homes, Inc. v. City of Portland*, 285 A.2d 372, 374 (Me. 1972); 4 M.R.S.A. § 8 (1989).[3] If in the course of a proceeding to which the Rules of Civil Procedure are applicable a procedural rule conflicts with a statute, the rule controls. M.R.Civ.P. 81(e).[4] Crossman argues that there is a conflict between Rule 68 and 14 M.R.S.A. § 1502–D because Rule 68 provides for the mandatory award of costs without permitting judicial discretion, while section 1502–D allows the court to reduce an award of costs. As a result of such conflict, Crossman suggests that the rule "trumps the stat-

---

and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days, or such shorter time as the court may approve, prior to the commencement of hearings to determine the amount or extent of liability.

2. 14 M.R.S.A. § 1502–D provides:

The clerk shall set costs under section 1502–B and interest under section 1602 to the extent they appear from the record. The prevailing party or the prevailing party's attorney may submit a bill of costs for all other costs or interest to the court not later than 10 days after entry of judgment and serve copies on all parties who have appeared and may be required to pay these costs. Any party required to pay all or any part of these costs, except a party who is defaulted and has not appeared, may, within 10 days after the date of service, challenge any items of cost or interest and request review by the court. The prevailing party shall, within 10 days after a challenge, submit to the court any vouchers or other records verifying any challenged items of cost or interest. Either side may request oral argument and submit affidavits and briefs. An evidentiary hearing on the reasonableness of costs or interest will be held only when the judge determines that there exists a substantial need for the hearing and the amount of challenged costs or interest are substantial. If the presiding judge determines that the imposition of costs will cause a significant financial hardship to any party, the judge may waive all or part of the costs with respect to that party.

3. 4 M.R.S.A. § 8 provides, in pertinent part:

The Supreme Judicial Court shall have the power to prescribe, by general rules, for the Administrative, Probate, District and Superior Court of Maine, the forms of process, writs, pleadings and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant....

4. M.R.Civ.P. 81(e) provides:

In applying these rules to any proceeding to which they are applicable, the terminology of any statute which is also applicable, where inconsistent with that in these rules or inappropriate under these rules, shall be taken to mean the device or procedure proper under these rules.

ute." We conclude that Rule 68 and section 1502–D can be read together to avoid any conflict and thereby avoid the need to resort to Rule 81(e).

[¶ 5] Our 112th Legislature adopted 14 M.R.S.A. § 1502–D as part of a larger restatement of the statutory scheme defining costs recoverable in civil actions.

The purpose of this bill is to clarify by law those costs which shall be allowed to people who win their suits in civil cases. In many cases people who have successfully sued do not get paid back for many out-of-pocket costs. For example, the costs of depositions alone can be substantial. This bill allows the courts to make the losing party pay some of these costs. The current law does not provide for recovery of filing fees, services of process fees, court reporter's fees or the expenses of discovery, such as for depositions. The current law is confusing as to the amounts allowed for travel expenses and attendance fees. This new bill gives discretion to the court to determine the amounts for travel, requires the winning party to apply to the court for costs and provides the opportunity for both parties to present oral and written argument. This new bill provides an escape valve in that the court may waive all or part of the costs in the interest of fairness.

L.D. 735, Statement of Fact (112th Leg. 1985).[5]

[¶ 6] The proposed measure was, however, enacted by the legislature as three separate statutory sections, rather than the single section proposed by the legislative document.[6]

5. The Bill was entitled "An Act to Clarify Recoverable Costs in Civil Actions;" and proposed that 14 M.R.S.A. § 1502 be enacted as follows:

> § 1502. Recoverable costs
> The following costs shall be allowed to prevailing parties in civil actions:
> 1. Filing fees....
> 2. Fees for service of process....
> 3. Fees and travel costs paid to subpoenaed witnesses ....
> 4. Reasonable fees and expenses paid to expert witnesses....
> 5. Fees of court reporters....
> 6. Reasonable travel expenses of the parties' attorneys....
> 7. Cost of medical reports....
> 8. Costs of charts, diagrams, photographs and other visual aids....
> 9. Other costs. Such other costs as the Supreme Judicial Court may direct by rule.
> The prevailing party or his attorney shall submit a bill of costs to the court not later than 10 days after entry of judgment and serve copies on all parties required to pay these costs. Any party required to pay all or any part of these costs may, within 10 days after the date of service, challenge any items of cost as excessive and request review by the court. The prevailing party shall, within 10 days after such a challenge, submit to the court any vouchers or other records verifying any challenged items of cost. Either side may request oral argument and submit affidavits and briefs. Any evidentiary hearing on the reasonableness of costs will be held only when the judge determines that there exists a compelling need for the hearing and the amount of challenged costs are substantial. If the presiding judge determines that the imposition of costs will cause a severe financial hard-

ship to any party, he may waive all or part of the costs with respect to that party.

6. § 1502–B. Recoverable Costs.
> The following costs shall be allowed to prevailing parties in civil actions unless the court otherwise specifically directs:
> 1. Filing fees....
> 2. Fees for service of process ....
> 3. Attendance fees and travel costs paid to witnesses....
> 4. Travel Expenses....
> 5. Other costs. Such other costs as the Supreme Judicial Court may direct by rule.
> § 1502–C. Discretionary costs.
> In addition to other costs allowed to the prevailing party, the court may include as costs, in such amounts as it considers just and reasonable, any of the following items:
> 1. Reasonable expert witness fees and expenses....
> 2. Cost of medical reports....
> 3. Visual aids....
> 4. Costs of depositions....
> 5. Other costs. Such other costs as the Supreme Judicial Court may allow by rule.
> § 1503–D. Taxing of costs; hearing
> The prevailing party or his attorney shall submit a bill of costs to the court not later than 10 days after entry of judgment and serve copies on all parties required to pay these costs. Any party required to pay all or any part of these costs may, within 10 days after the date of service, challenge any items of cost as excessive and request review by the court. The prevailing party shall, within 10 days after such a challenge, submit to the court any vouchers or other records verifying any challenged items of cost. Either side may request oral argument and submit affidavits and briefs. Any evidentiary hear-

Sections 1502–B, 1502–C, and 1502–D provide a means of determining the amount of money the party to whom costs have been awarded is entitled to receive. The Legislature clearly wanted to "clarify by law those costs which shall be allowed," and it has done so by enacting provisions in Title 14 that dictate what costs can be recovered.[7] *Franklin Property Trust v. Foresite, Inc.,* 438 A.2d 218, 223 (Me.1981) ("The 'Statement of Fact' attached to the Act's legislative document is a proper and compelling aid to ascertaining the legislative purpose and intent.").

■ [¶ 7] Crossman contends that § 1502–D's provision of discretion to the court to waive or reduce the imposition of costs if it will "cause a significant financial hardship" applies to an imposition of costs to the prevailing party pursuant to M.R.Civ.P. 54(d),[8] but not to the party who rejects an offer of judgment pursuant to M.R.Civ.P. 68 and later recovers at trial less than was offered. Crossman argues that while Rule 54(d) makes reference to both the statute and the rules that apply to costs, and states that costs are awarded "unless the court otherwise specifically directs," Rule 68 makes no mention of either the statute or discretion of the court, and thus neither applies. We reject this construction. When the language of a statute is ambiguous, we "look beyond the words of the statute to its history, the policy behind it, and other extrinsic aids to determine legislative intent." *State v. Fournier,* 617 A.2d 998, 1000 (Me.1992) (citations omitted). The Legislature clearly intended § 1502–B, § 1502–C, and § 1502–D[9] to be read together in calculating what costs are recoverable in civil actions. Sections 1502–B and 1502–C delineate those costs that are recoverable, and section 1502–D provides a procedure for the parties to request an evidentiary hearing into the reasonableness of a bill of costs and for a party facing financial hardship to request a waiver of all or part of an award of costs.[10] Crossman would have us interpret the Legislature as having intended that the party seeking an award of costs pursuant to Rule 68 would resort to 14 M.R.S.A. §§ 1502–B and 1502–C to determine what costs as the offeror she could recover, but the party against whom the cost award is sought could not seek relief due to financial hardship under § 1502–D. Such a reading of the statutes clearly runs contrary to the obvious purpose which the legislature had in mind, which is that the three sections should be interpreted together to preserve their ability to operate in concert. *Maine State Society for the Protection of Animals v. Warren,* 492 A.2d 1259, 1263 (Me.1985).

■ [¶ 8] Crossman argues that reading § 1502–D as allowing the court to exercise

*ing on the reasonableness of costs will be held only when the judge determines that there exists a compelling need for the hearing and the amount of challenged costs are substantial. If the presiding judge determines that the imposition of costs will cause a severe financial hardship to any party, he may waive all or part of the costs with respect to that party.*
[§ 1503–D was later reallocated by P.L.1985, c. 737, pt. A, § 36 as § 1502–D. Section 1502–D was amended in 1989, see *infra,* note 2.]

7. The Supreme Judicial Court, exercising its power under 14 M.R.S.A. §§ 1502–B (5) and 1502–C (5) has provided for additional recoverable costs under M.R.Civ.P. 54(f) (1996).

8. M.R.Civ.P. 54(d) provides:
   Costs shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs.

9. 14 M.R.S.A. § 1502–A was repealed by the Legislature in 1985, and its provisions are now found in § 1502–C. Laws 1985, c. 384, § 3.

10. We note that the legislature has referred to the party to whom costs are awarded as the "prevailing party" throughout the three statutory sections. A party who recovers costs under M.R.Civ.P. 68 is not the "prevailing party" in the litigation. We do not consider this phraseology determinative of the purview of the statute. "In construing a statute, we must bear in mind the fundamental rule that such a construction ought to be put upon a statute as may best answer the intention which the Legislators had in view, and when determinable and ascertained, the courts must give effect to it." *Town of Arundel v. Swain,* 374 A.2d 317, 319 (Me.1977) (citations omitted). It is clear that the Legislature intended to clarify what costs were recoverable in civil actions and did not intend to limit §§ 1502–B, 1502–C, and 1502–D in their application to M.R.Civ.P. 68. "Every statute must be construed in connection with the whole system of which it forms a part...." *Finks v. Maine State Highway Commission,* 328 A.2d 791, 795 (Me.1974).

discretion in awarding costs under Rule 68 serves to weaken the rule. As we have stated, the purpose of Rule 68 "is to promote settlement and avoid protracted litigation." *Fuller v. State,* 490 A.2d 1200, 1202 (Me. 1985). Our Legislature has, however, enacted a statutory scheme that defines what costs are recoverable in a civil action and provides the court with discretion to waive those costs if it determines that their imposition will impose a significant financial hardship. Those provisions, read in tandem with Rule 68, provide the court presented with a bill of costs from an offeror whose offer was rejected, and whose opponent later recovered less than was offered at trial, with the discretion to reduce or waive the award of costs. By its plain terms, rule 68 may be mandatory; however, costs are defined by §§ 1502–B, C and D, and section 1502–D grants to the court discretion in determining what costs it will award when faced with a party's severe financial hardship.

The entry is:

Judgment affirmed.

WATHEN, C.J., and GLASSMAN and CLIFFORD, JJ., concur.

DANA, Justice, with whom ROBERTS and LIPEZ, Justices, join, dissenting.

[¶ 9] I respectfully dissent. Rule 68 leaves the court no discretion to refuse to award the offeror costs based on the financial circumstances of the offeree, and 14 M.R.S.A. § 1502–D does not dictate a contrary result.

[¶ 10] Rule 68 provides that "the offeree must pay the costs incurred after the making of the offer" if the judgment obtained by the offeree is not more favorable than the pretrial offer. The plain language of the rule makes an award of costs mandatory; the court has no discretion to excuse the offeree's obligation pursuant to the Rule. *United States v. Trident Seafoods Corp.,* 92 F.3d 855, 859 (9th Cir.1996), cert. denied, — U.S. ——, 117 S.Ct. 944, 136 L.Ed.2d 833 (1997); *Mallory v. Eyrich,* 922 F.2d 1273, 1278 (6th Cir.1991); *Johnston v. Penrod Drilling Co.,* 803 F.2d 867, 869 (5th Cir.1986); *Ezelle v. Bauer Corp.,* 154 F.R.D. 149, 152 (S.D.Miss. 1994); *Adams v. Wolff,* 110 F.R.D. 291, 293 (D.Nev.1986); *Waters v. Heublein, Inc.,* 485 F.Supp. 110, 113 (N.D.Cal.1979); *Dual v. Cleland,* 79 F.R.D. 696, 697 (D.D.C.1978); *Darragh Poultry & Livestock Equip. Co. v. Piney Creek Sales, Inc.,* 294 Ark. 427, 743 S.W.2d 804, 806 (1988); *Evans v. Sawtooth Partners,* 111 Idaho 381, 723 P.2d 925, 931–32 (App.1986); *Imperial Developers, Inc. v. Seaboard Sur. Co.,* 518 N.W.2d 623, 628 (Minn.Ct.App.1994). *See also Delta Air Lines, Inc. v. August,* 450 U.S. 346, 354–55, 101 S.Ct. 1146, 1151, 67 L.Ed.2d 287 (1981) (defendant cannot invoke the mandatory award of costs under Rule 68 by making sham or nominal offers because Rule 68 does not apply when plaintiff recovers nothing at trial).

[¶ 11] 14 M.R.S.A. § 1502–D does not alter the mandatory nature of Rule 68. The provision in section 1502–D that gives the court discretion to waive the award of costs if the court determines that the imposition of costs would "cause a significant financial hardship to any party" applies to situations in which the court awards costs to the prevailing party, not to the unique circumstances in which a court awards costs to the losing party pursuant to Rule 68. Section 1502–D governs the procedure for the prevailing party's recovery of costs by providing that

[t]he prevailing party or the prevailing party's attorney may submit a bill of costs for all other costs or interest to the court ... and serve copies on all parties who have appeared and may be required to pay these costs. Any party required to pay all or any part of these costs ... may ... challenge any items of cost or interest and request review by the court.... If the presiding judge determines that the imposition of costs will cause a significant financial hardship to any party, the judge may waive all or part of the costs with respect to that party.

Reading the last sentence in the context of the whole section, the term "any party" is used to designate the *non-prevailing party* required to pay costs. In the Rule 68 situation, it is the prevailing party who is required to pay costs. Section 1502–D simply affirms the procedure applied in the typical situation in which costs are awarded to the prevailing

party pursuant to Rule 54.[11] In contrast to Rule 68, Rule 54 grants the court discretion to decline to award costs. M.R.Civ.P. 54(d); *see also Delta Air Lines*, 450 U.S. at 353, 101 S.Ct. at 1150. Nothing in the language of section 1502–D evinces an intent that its provisions apply to the unique situation in which the losing party is entitled to recover costs pursuant to Rule 68.[12]

[¶ 12] Furthermore, even if section 1502–D was intended to apply when the losing party is awarded costs pursuant to Rule 68, the last sentence of the statute giving the court the discretion to waive the award of costs must yield to the mandatory language of Rule 68. The Supreme Judicial Court has the authority to enact rules governing court procedure. *Your Homes, Inc. v. City of Portland*, 285 A.2d 372, 373 (Me.1972); 4 M.R.S.A. § 8 (1989). If a statute provides for a procedure that conflicts with one of our procedural rules, the rule controls. M.R.Civ.P. 81(e). *See also Your Homes*, 285 A.2d at 374 (to the extent that the sentence in the statute governing the notice of appeal was inconsistent with the Rule 80B requirement that notice be served in accordance with Rule 4, the Rule governs).

[¶ 13] "A procedural statute has been defined as one which neither enlarges nor impairs substantive rights but rather relates to the means and procedures for enforcing these rights." *Bellegarde Custom Kitchens v. Leavitt*, 295 A.2d 909, 911 (Me.1972) (citation omitted). A statute providing for a device that controls the parties' conduct of the trial constitutes a procedural rule. *Batchelder v. Tweedie*, 294 A.2d 443, 444 (Me.1972) (statute providing for prejudgment interest depending on the parties' conduct was procedural, not substantive). In contrast, a statute that provides for a measure of damages is substantive. *Id.*

[¶ 14] The cost-shifting provision of Rule 68 is intended "to promote settlement and avoid protracted litigation[,]" *Fuller v. State*, 490 A.2d 1200, 1202 (Me.1985), and is therefore a procedural rule aimed at influencing the parties' conduct before the trial. The Rule does not enlarge or impair any substantive right. Thus, to the extent that the discretionary cost-shifting procedure provided in section 1502–D conflicts with the mandatory language of Rule 68, the Rule's procedure controls.

---

**11.** Rule 54(d) provides: "Costs shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs."

**12.** The Statement of Fact accompanying section 1502–D provides that the statute's purpose "is to clarify by law those costs which shall be allowed to people who *win their suits* in civil cases."

L.D. 735, Statement of Fact (112th Leg.1985) (emphasis added). Similarly, the other sections accompanying section 1502–D state that their provisions apply to the award of costs to prevailing parties. 14 M.R.S.A. § 1502–B ("The following costs shall be allowed to the prevailing party...."); 14 M.R.S.A. § 1502–C ("In addition to other costs allowed to the prevailing party....").