STATE OF MAINE                                        SUPERIOR COURT
PENOBSCOT, SS.                                        Docket No. CV-00-188

                                                     JLH - PEN - 1/24/2002

| | | |
|---|---|---|
| Wayne A. Ryan, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| James E. Flanagan, Jr., | ) | |
| Defendant | ) | |

FILED AND ENTERED
SUPERIOR COURT

JAN 24 2002

PENOBSCOT COUNTY

The plaintiff's motion for new trial is denied. *See Harris v. Soley*, 2000 ME 150, ¶ 26, 756 A.2d 499, 507 (determination of damages is the "sole province of the factfinder," subject to limitations not present here).

The parties have filed submissions relevant to the allocation of costs of court. *See* 14 M.R.S.A. § 1502-D. The defendant made an offer of judgment in the amount of $55,000. The offer is dated August 31, 2001. The defendant indicates that it was served on plaintiff's counsel on September 5, 2001.[1] The plaintiff did not accept the offer of judgment within 10 days of September 5, and the offer was therefore deemed withdrawn as of September 15. *See* M.R.Civ.P. 68. By operation of rule, the plaintiff would be liable for awardable costs that both he and the defendant incurred subsequent to September 5, if the amount of the judgment exceeds the amount in the offer of judgment. That is the case

---

[1] The copy of the return receipt submitted by the defendant does not identify the date that plaintiff's counsel received the offer of judgment. In his argument, the defendant represents that the date of service was September 5. The plaintiff has not disputed this assertion, and the court accepts it.

1

here. Subsequent developments in the case, including revelation of additional medical data (which appear to have been favorable to the defendant), do not affect the application of rule 68 resulting from the plaintiff's rejection of the defendant's offer of judgment.

The plaintiff argues that costs should not be assessed against him because of financial hardship, *see Arsenault v. Crossman*, 1997 ME 92, ¶ 7, 696 A.2d 418, 421, caused, in part, by the ongoing nature of his injuries and the expectation of future medical treatment. That argument, however, fails to take into account the jury's determination that its damage award fairly compensates him for the losses attributable to the defendant's negligence.

The plaintiff's allowable costs include: the filing fee ($120); the transcripts for the depositions of the plaintiff ($258.25) and of the defendant ($299.80); the video of the premises (obtained prior to the time the defendant stipulated to liability and therefore when the plaintiff had to prepare evidence of negligence, *see* 14 M.R.S.A. § 1502-C(3)) ($20); and the plaintiff's travel costs (*see* 14 M.R.S.A. § 1502-B(4), but calculated at the state rate of 30¢ per mile) ($23.40). Costs of the three trial witness fees and the deposition transcripts of Cathy Grant and Dr. Leong are not allowed because those expenses were incurred subsequent to September 5, 2001; and fees for service of process on the City of Brewer and Nancy O'Connor are not allowed. Therefore, the plaintiff's allowable costs are $721.45.

The defendant's allowable costs include: the deposition transcripts for Cathy Grant ($325.00) and Dr. Leong ($124.20); and the expert witness fee for Dr. Kimball ($450). The charges associated with Dr. Gallon's

2

testimony are not allowed because there is no allocation between preparation time (which is not allowable under section 1502-C) and courtroom time (which is allowable). The defendant's allowable costs are $899.20

Therefore, the defendant is awarded net costs of court in the amount of $177.75.

The entry shall be:

The plaintiff's motion for new trial is denied.

The judgment dated December 18, 2001, is amended to provide that the plaintiff is not awarded any costs of court and that the defendant is awarded net costs of court in the amount of $177.75. In all other respects, the judgment shall remain in full force and effect.

Dated: January 23, 2002

_____
JUSTICE, SUPERIOR COURT

3

Date Filed ___10/4/00___  ___PENOBSCOT___  Docket No. ___CV-2000-188___

County

Action ___CIVIL - PERSONAL INJURY___

**Assigned to Justice Jeffrey L. Hjelm**

JAMES E. FLANAGAN, JR. individually and as
TRUSTEE OF J & S REALTY TRUST,

WAYNE A. RYAN                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PAINE, LYNCH & HARRIS, P.A.<br>123 Center Street - PO Box 1451<br>BANGOR ME 04402-1451<br>BY: Martha J. Harris, Esq. | WEATHERBEE WOODCOCK BURLOCK & WOODCOCK<br>P O BOX 1127<br>BANGOR ME 04402-1127<br>BY: John A. Woodcock, Esq. |

| Date of Entry | |
|---|---|
| 10/4/00 | Complaint filed. |
| 10/4/00 | Case File Notice forwarded to Plaintiff's attorney. |
| 10/12/00 | Acceptance of Service by John A. Woodcock, Esq. on behalf of Defendant James E. Glanagan individually and as Trustee of J & S Realty Trust. (s.d. 10/10/00) |
| 10/30/00 | Affirmative Defenses and Answer of Defendant James E. Flanagan, Jr. filed. |
| 11/1/00 | Scheduling Order (M.R.Civ.P. 16(a)) filed.  Scheduling Order filed. Discovery deadline is June 1, 2001.  (Hjelm, J.) Copy forwarded to attorneys of record. |
| 12/1/2000 | Jury Trial Fee PAID by Defendant. |
| 1/12/01 | Motion to Amend to Correct Caption and Name of Defendant filed by Plaintiff. |
| 1/16/01 | Notification of Discovery Service filed by Plaintiff, Interrogatories and Request for Production of Documents upon Defendant. |
| 1/17/01 | Order filed.  Motion to Amend is Granted.  Defendant's name is corrected to James E. Flanagan, Jr. (Hjelm, J.) Copy forwarded to attorneys of record. |
| 1/22/01 | Notification of Discovery Service filed by Defendant, Interrogatories propounded by Defendant James E. Flanagan, Jr. to Plaintiff Wayne W. Ryan; and Deft. James E. Flanagan, Jr.'s Request for Production of Documents to Plaintiff Wayne W. Ryan. |
| 2/16/01 | Motion for Enlargement of Time to file Discovery Responses filed by Plaintiff.  (no obj.) |