Esther **HONEA**, Plaintiff,

v.

**CRESCENT FORD TRUCK SALES, INC.**, Defendant.

Civ. A. No. 74-1259.

United States District Court, E. D. Louisiana.

April 21, 1975.

Wallace C. Quinn, Lynne Rothschild Stern, New Orleans, La., for plaintiff.

Rutledge C. Clement, Jr., New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge:

The plaintiff brought this Title VII suit, claiming sex discrimination. While settlement negotiations did take place, no meaningful progress was made until the pretrial conference—the plaintiff's attorneys refused to discuss a figure less than $6,500 plus costs and attorneys' fees; the defendant's counsel

thought this to be exorbitant and, adhering to the long-standing practice of the bar, declined to make an offer, waiting for the plaintiff to reduce her offer. As a result of the court's comments at the pretrial conference, however, plaintiff's counsel apparently reappraised the claim; a lower offer was made, and the case was settled shortly thereafter for $3,000 plus costs and attorneys' fees. Only those two issues, costs and attorneys' fees, are now before the court.

The matters to be considered in determining attorneys' fees in the normal case where the law allows such an award have been thoroughly considered in the jurisprudence. Johnson v. Georgia Highway Express, Inc., 5 Cir. 1974, 488 F.2d 714; Clark v. American Marine Corp., E.D.La.1970, 320 F.Supp. 709, aff'd, 5 Cir. 1971, 437 F.2d 959. Here, however, the defendant's argument presents a question previously unexplored: If the plaintiff's demands are unreasonable, may the plaintiff claim attorneys' fees for activities that might have been unnecessary had the plaintiff's settlement posture been more realistic?

It must be noted at the outset that, since the defendant refused to make any offer at all, we shall never know whether the case could have been settled at an earlier date. There was nothing obdurate about the defendant's conduct; as pointed out above, it is common practice for defendants to refuse to make an offer to a plaintiff whose demands are considered unreasonable. In the usual case, there may be sound practical and psychological reasons for such a bargaining strategy. But the question is who must pay the expense occasioned by this strategy when the case arises under a statute that embodies a basic national policy, like Title VII, and, to implement this policy, provides for attorneys' fees in the event of a successful claim. The defendant contends in effect that, if it chooses this strategy, it is relieved of the obligation to pay counsel's fees for services rendered by plaintiff's counsel in preparing the case for trial until such time as plaintiff's counsel makes a reasonable offer.

But there appears to be no reason why all the onus of failing to make a reasonable offer should rest on plaintiff's counsel.

Defense counsel may likewise make an offer. If a reasonable offer is spurned, Rule 68 of the Federal Rules of Civil Procedure provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

Thus, the Federal Rules provide a manner in which a party can stop costs from accruing; this suggests the general approach that should be adopted here.

The duty to be reasonable should not be borne by the plaintiff alone. I therefore hold that, until a Title VII defendant makes a reasonable offer, he may not seek refuge in the plaintiff's obdurance from being cast in judgment for the attorneys' fees incurred while trial preparations proceed.

This ruling does not deprecate defense counsel's actions. There may be good strategic reason to refuse to make an offer to a plaintiff who is not being reasonable in his demands. But the course of action here followed must carry with it some risk: while the defendant may exact a better settlement, or go to trial on the merits and win, escaping all liability for attorneys' fees, he may also end up paying for services that might have been unnecessary had he made a reasonable offer. The negotiation process, like other aspects of litigation, should not be protracted needlessly. Defendants should be encouraged to respond to a well-founded claim with a reasonable offer. The result here will accomplish this, which is, after all one of the purposes of Title VII when a claim is well founded.