**Dorothy DUAL, Plaintiff,**

v.

**Max CLELAND, Defendant.**

**Civ. A. No. 76–0005.**

United States District Court,
District of Columbia,
Civil Division.

Sept. 20, 1978.

Gary H. Simpson, Bethesda, Md., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Karen I. Ward, Asst. U. S. Attys., Washington, D. C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

On July 25, 1978, the Court, after a trial on the merits, ruled in favor of the defendant and dismissed the plaintiff's claim in this Title VII case. As part of the order dismissing the case, the Court provided that each party bear its own costs. Presently before the Court is the defendant's motion to amend the judgment to award costs to the defendant.

Under Federal Rules of Civil Procedure 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." In the Title VII area, the Court, in the exercise of its discretion, must take special considerations into account. Recently, the Supreme Court has characterized the Title VII plaintiff as "the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'" *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978) *quoting Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). The Supreme Court in *Christiansburg* held that attorneys' fees should not be awarded in Title VII cases to successful defendant-employers unless the district court finds that the plaintiff's action was frivolous, un-

reasonable, or without foundation. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 98 S.Ct. at 700. Similarly, the special qualities of the Title VII plaintiff shape the contours of the Court's discretion under Rule 54(d). Unless the plaintiff has brought an action that is frivolous, unreasonable, or without foundation, costs should not be imposed on an unsuccessful Title VII employee-plaintiff under Rule 54(d). In this case, the plaintiff had a good faith claim, and in the interests of justice, the plaintiff should not be forced to bear the defendant's costs.

In contrast to Rule 54(d), which invokes the Court's discretion, the "offer of judgment" provision of Rule 68 automatically charges the plaintiff with the defendant's costs incurred after an offer of judgment when the requirements of the rule are satisfied. Rule 68 provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree *must* pay the costs incurred after the making of the offer." (emphasis added.) The plain language of the rule eliminates the Court's discretion. The only case directly on point supports the Court's decision in this order. *Mr. Hangar, Inc. v. Cut Rate Plastic Hangers, Inc.,* 63 F.R.D. 607 (E.D.N.Y.1974). In this case, it is uncontested that the defendant made an offer of judgment on May 24, 1978, and the judgment finally obtained by the plaintiff was not more than the offer. Therefore, the defendant is entitled to charge the plaintiff with costs incurred after the offer of judgment.

Accordingly, it is, by the Court, this 18th day of September, 1978,

ORDERED, that in light of the defendant's offer of judgment pursuant to Rule 68, F.R.C.P., the order of this Court of July 25, 1978, be, and the same hereby is, amended as follows: The provision that "Each party shall bear its own costs" is vacated, and the order is amended to add:

"Plaintiff shall pay to defendant such costs as were reasonably incurred after May 24, 1978, in an amount to be set by the Court."