**Rosemary AUGUST, Plaintiff-Appellee,**

v.

**DELTA AIR LINES, INC.,**
**Defendant-Appellant.**

No. 78–2312.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1979.

Decided July 6, 1979.

Rehearing and Rehearing In Banc
Denied Aug. 28, 1979.

Carole K. Bellows, Susan Margaret Vance, Chicago, Ill., for defendant-appellant.

E. Allan Kovar, Chicago, Ill., for plaintiff-appellee.

Before SPRECHER, TONE and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

The issue presented in this appeal is whether the awarding of costs under Rule 68 of the Federal Rules of Civil Procedure is mandatory or discretionary if the final

judgment obtained by plaintiff is not more favorable than the defendant's offer. In January 1977 the plaintiff-appellee Rosemary August, after receipt of a right to sue letter from the Equal Employment Opportunity Commission, initiated an action against the defendant-appellant Delta Air Lines, Inc., alleging, *inter alia,* that she was discharged from her position as flight attendant solely because she was black. The plaintiff sought reinstatement, back pay, benefits, other equitable relief, and attorneys' fees and costs pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

On May 12, 1977, after discovery had commenced, the defendant made an offer of judgment to plaintiff in the amount of $450, including costs and attorneys' fees accrued to date, pursuant to Rule 68 of the Federal Rules of Civil Procedure.[1] Plaintiff rejected the offer.

After an extended 25-day bench trial on the discrimination charge, the district court held that although the plaintiff had produced some evidence tending to show racial discrimination, she had failed to carry the burden of proving racial discrimination in accordance with *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[2] Accordingly, the trial judge entered judgment in favor of the defendant and ordered each party to bear its own costs of litigation.

Pursuant to Rule 68 the defendant then filed a motion for costs incurred after the date of the Rule 68 offer. The motion was denied.[3] We affirm and add only a few

---

1. Rule 68 provides:

    At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

2. This court has affirmed the district court on the merits of the Title VII claim by a separate order issued this date pursuant to Circuit Rule 35.

3. In denying the motion, Senior District Court Judge Hoffman explained:

    While there is little authority on the point, this court is satisfied that in order to be effective, a Rule 68 offer must be made in a good faith attempt to settle the parties' litigation and, thus, must be at least arguably reasonable.

    .    .    .    .    .

    If the purpose of the rule is to encourage settlement, it is impossible for this court to concede that this purpose can be furthered or aided by an offer that is not at least arguably reasonable.

    At the time this offer of $450 was made this litigation was approximately four months old. While the offer was intended to be received in full settlement of the parties' dispute, it is unlikely that such a small sum of money would even have fully satisfied the plaintiff's then incurred costs in attorneys fees.

    It must also be remembered that the plaintiff was given some encouragement as to the merit of her claim from the findings of the Equal Employment Opportunity Commission. Additionally, a successful litigant in a Title VII case is as a general rule entitled not only to reinstatement, but also to back pay plus costs and attorneys fees.

    Finally, while the court did ultimately find itself constrained to enter its judgment for the defendant, the court certainly did not find the plaintiff's claim to be wholly specious. In the opinion of this court and in the particular facts and circumstances of this case, an offer of only the sum of $450 could only have been effective were the plaintiff's claim totally lacking in merit or were there present additional factors which would mitigate in favor of the defendant.

comments in support of Judge Hoffman's holding. At the time the offer was timely tendered, the plaintiff's alleged actual damages from the loss of her employment for the preceding 19 months exceeded $20,000, not including attorneys' fees and costs. Plaintiff also anticipated possible reinstatement as a flight attendant. Although plaintiff did not succeed in her discrimination claim, it was not frivolous. Plaintiff presented some evidence suggesting racial bias. The trial judge found that plaintiff, although guilty of poor and unacceptable performance, rendered good service on occasion. Her file revealed a record of some company awards and compliments from co-workers and passengers.

Against that general background, the Rule 68 offer of judgment of less than $500 before trial is not of such significance in the context of this case to justify serious consideration by the plaintiff. At oral argument the defendant urged that even an offer of $10 would have met the requirements of Rule 68 and served the purpose of shifting cost liability. If that were so, a minimal Rule 68 offer made in bad faith could become a routine practice by defendants seeking cheap insurance against costs. The useful vitality of Rule 68 would be damaged.[4] Unrealistic use of the rule would not encourage settlements, avoid protracted litigation or relieve courts of vexatious litigation.

The defendant's arguments to the contrary that the allowance of costs is automatic and non-discretionary evidences that the issue is not free from doubt. The defendant points to the language of the rule where there is no specific requirement that the offer be "reasonable" or in "good faith." If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree *"must"* pay the costs incurred after the making of the offer. Fed. R.Civ.P. 68. The defendant contends that it is entitled to the benefit of the rule if the technical requisites of the rule have been observed.

The defendant claims that, unless Rule 68 is rigidly followed, the rule will overlap the trial judge's express discretion under Rule 54(d), which provides costs to the prevailing party unless the court directs otherwise. In spite of the force of these arguments, we are not persuaded.

Title VII embodies a basic national policy given a high priority by Congress and contains an authorization for the award of attorney's fees intended to encourage aggrieved individuals to seek redress for violations of their civil rights. *Christianburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1977); *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). In considering the counsel fee provision under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b), similar to the present provision of Title VII, 42 U.S.C. § 2000e–5(K), the Supreme Court in *Newman v. Piggie Park Enterprises, Inc.,* explained that the counsel fee provision was "to encourage individuals injured by racial discrimination to seek judicial relief." 390 U.S. at 402, 88 S.Ct. at 966. We do not propose to permit a technical interpretation of a procedural rule to chill the pursuit of that high objective.

The other cases which have considered this Rule 68 issue are limited. Defendant relies on *Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc.,* 63 F.R.D. 607 (E.D.N.Y. 1974), and *Dual v. Cleland,* 79 F.R.D. 696 (D.D.C.1978). In *Mr. Hanger* the plaintiff

---

For the reasons I have stated, the court concludes that the defendant's Rule 68 offer of May 12, 1977 did not constitute an effective offer.

**4.** The concept originated in state practice and was novel to the federal courts when the federal rules were adopted in 1938. C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 3001 (1973). The general principle was enunciated in *Crutcher v. Joyce,* 146 F.2d 518, 520 (10th Cir. 1945), where the Tenth Circuit, sitting as an equity court and without referring to the rule, held that a plaintiff may be denied costs when he sues vexatiously after refusing an offer of settlement and then recovers practically the same sum previously offered. At least in cases such as that, Rule 68 provides a just and fair procedure to all concerned parties. ·

was unsuccessful in a patent infringement suit and was assessed with the defendant's defense costs. There the plaintiff argued that the Rule 68 offer was a "tactical sham," unreasonable and in bad faith. Although the court considered Rule 68 as mandatory, the district court nevertheless pointed out that the offer afforded the plaintiff substantially all the relief prayed for in the complaint and was not a sham.

In *Dual* the district court in a Title VII case ruled in favor of defendants after a trial on the merits. The court considered the application of Rule 54(d) which specifically provides for the exercise of discretion and Rule 68 which does not. Viewing the rule as automatic, the district court allowed costs to the defendant under Rule 68 but not under Rule 54(d). The issues of reasonableness and good faith apparently were not raised in *Dual,* although the court noted that the plaintiff, albeit unsuccessful, had a good faith claim.

The plaintiff argues that her position is supported by *Perkins v. New Orleans Athletic Club,* 429 F.Supp. 661 (E.D.La.1976), and *Honea v. Crescent Ford Truck Sales, Inc.,* 394 F.Supp. 201 (E.D.La.1975), but that support is at best only inferential.

For the considerations stated above, we believe that a liberal, not a technical, reading of Rule 68 is justified, at least in a Title VII case. We need not decide whether this same approach should be taken in other kinds of cases. In a Title VII case the trial judge may exercise his discretion and allow costs under Rule 68 when, viewed as of the time of the offer along with consideration of the final outcome of the case, the offer can be seen to have been made in good faith and to have had some reasonable relationship in amount to the issues, litigation risks, and expenses anticipated and involved in the case.

AFFIRMED.