787 A.2d 966 (2002)
346 N.J. Super. 352
Charles E. FRIGON, Allen Ambrosino, Michael Frost and Ed Burnett, Plaintiffs-Appellants,
v.
DBA HOLDINGS, INC., Pagex, Inc., Pagex Systems, Inc., Ed Burnett Consultants, Inc. and Magi Direct, Inc., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 2001.
Decided January 9, 2002.
*967 Raphael G. Jacobs, Tenafly, argued the cause for appellant (Jacobs and Bell, attorneys; Mr. Jacobs, on the brief).
Thomas A. Chaseman, Edison, argued the cause for respondents (Sokol, Behot & Fiorenzo, attorneys; Joseph B. Fiorenzo, of counsel and on the brief; Mr. Chaseman, on the brief).
Before Judges PRESSLER, WEFING and CIANCIA.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiffs Charles E. Frigon, Allen Ambrosino, Michael Frost, and Ed Burnett appeal from a summary judgment dismissing their complaint against their former employer, defendants DBA Holdings, Inc., and its subsidiaries (collectively, DBA), and from the denial of their cross motion for summary judgment. They also appeal from a subsequent order requiring them to pay counsel fees to defendant under the offer of judgment rule. R. 4:58-3. We conclude that the summary judgment was improvidently entered, and reverse and remand for trial. Accordingly, the order entered under R. 4:58-3 is moot at this time and must be vacated.
[The court then addressed plaintiff's liquidated contract claim and reversed the summary judgment dismissing the complaint based on a factual dispute, remanding the contract claim to the trial court for further proceedings. The court then addressed the offer of judgment issue.]
The aggregate sum which plaintiffs were seeking by way of liquidated damages was roughly $1,000,000, calculated as their aggregate 15.25 percent of the roughly $7,000,000 of the tax saving. About a year and half after litigation had been commenced, defendant offered to have the four plaintiffs take judgment against it pursuant to R. 4:58 (offer of judgment) in the aggregate amount of $4,000. Plaintiffs refused, and following entry of summary judgment dismissing their complaint, defendant moved for an award of litigation costs and counsel fees incurred after the offer was made. R. 4:58-2 and -3. The judge granted the motion, awarding defendant counsel fees in the sum of some $42,000, noting, correctly, that R. 4:58-3 distinguishes between liquidated and unliquidated damage actions, permitting an award in unliquidated damage actions only if plaintiff obtains a judgment of at least $750 and the amount of the judgment is less than eighty percent of the offer. No such conditions attend the offer of judgment in liquidated damage actions.
The trial judge, however, made no finding as to whether, under the circumstances, a $4,000 offer against the $1,000,000 claim was a nominal or token offer, and indeed, R. 4:58 does not condition the consequences of non-acceptance of an offer upon the offer being something more than nominal or token. Nevertheless, we think it plain that if a nominal or token offer would be sufficient to invoke the litigation-cost and counsel-fee consequences of non-acceptance, R. 4:58 would be subverted from its salutary purpose of encouraging settlement to a virtually automatic fee-shifting device contrary to the spirit of the so-called American rule. This jurisdiction is committed to the American rule, by which each party pays his own counsel fees except if otherwise expressly provided by statute or court rule. See generally as to the jurisprudential basis of the American rule and our continued adherence to it, In re Estate of Lash, 169 *968 N.J. 20, 43-44, 776 A.2d 765 (2001); North Bergen Rex Trans., Inc. v. TLC, 158 N.J. 561, 569, 730 A.2d 843 (1999); Rendine v. Pantzer, 141 N.J. 292, 322, 661 A.2d 1202 (1995); Gerhardt v. Cont'l Ins. Co., 48 N.J. 291, 301, 225 A.2d 328 (1966). Thus, as the Supreme Court noted in Schettino v. Roizman Dev., Inc., 158 N.J. 476, 486, 730 A.2d 797 (1999), in addressing the special provisions of the offer of judgment rule applicable to actions seeking unliquidated damages, those provisions are intended "to prevent the transformation of the offer-of-judgment rule into a general fee-shifting rule" by protecting a no-caused plaintiff from the penalizing consequences of the rule when the action was prosecuted in good faith and the offer made by defendant was nominal.
The provisions of the rule to which the Court was referring in Schettino stipulate, as we have noted, that when unliquidated damages are sought, a plaintiff is not liable for fees and costs under the offer of judgment rule if a no-cause verdict is returned. Moreover, if a recovery is obtained, plaintiff will not be liable for fees and costs unless the amount of the recovery exceeds $750 and is less than eighty percent of the offer. R. 4:58-3. No such conditions are attached by the rule in liquidated damage actions, although the distinction between them in this regard is not immediately apparent, and we see no reason why the quoted proposition of Schettino does not apply equally to liquidated damages.
We point out, moreover, that the liquidated-unliquidated dichotomy of R. 4:58 appears to be unique to our practice. R. 4:58 is roughly patterned on Fed. R. Civ. Proc. 68, which does not make a distinction between liquidated and unliquidated damages and only includes as costs an allowance of counsel fees if counsel fees are allowed as an element of costs by a fee-shifting statute. Curiously, however, the concern for the no-caused plaintiff that underlies New Jersey's dichotomy is mirrored in judicial construction of Fed. R. Civ. Proc. 68. Thus, in Delta Air Lines, Inc. v. August, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the United States Supreme Court interpreted Rule 68 as applying "only to offers made by the defendant and only to judgments obtained by the plaintiff" and therefore as inapplicable to a no-caused plaintiff. Id. at 352, 101 S.Ct. at 1150, 67 L.Ed.2d at 292. In so concluding, the Court reasoned that that interpretation was not only in literal accord with Rule 68, but with its philosophy as well, observing that:
Federal rules are to be construed to "secure the just, speedy, and inexpensive determination of every action." If a plaintiff chooses to reject a reasonable offer, then it is fair that he not be allowed to shift the cost of continuing the litigation to the defendant in the event that his gamble produces an award that is less than or equal to the amount offered. But it is hardly fair or even-handed to make the plaintiff's rejection of an utterly frivolous settlement offer a watershed event that transforms a prevailing defendant's right to costs in the discretion of the trial judge into an absolute right to recover the costs incurred after the offer was made.

[Id. at 356, 101 S.Ct. at 1152, 67 L.Ed.2d at 295.]

[Citations omitted.]
Because of the manner in which the Supreme Court interpreted Rule 68, it was not required to pass on the Circuit Court's holding in Delta Air Lines, sub nam., August v. Delta Air Lines, 600 F.2d 699 (7th Cir.1979), that a nominal or token offer does not meet the requirements of the federal rule although its dicta certainly suggests its concurrence therewith. This is what the Circuit Court had to say:

*969 At the time the offer was timely tendered, the plaintiff's alleged actual damages from the loss of her employment for the preceding 19 months exceeded $20,000, not including attorneys' fees and costs. Plaintiff also anticipated possible reinstatement as a flight attendant. Although plaintiff did not succeed in her discrimination claim, it was not frivolous. Plaintiff presented some evidence suggesting racial bias. The trial judge found that plaintiff, although guilty of poor and unacceptable performance, rendered good service on occasion. Her file revealed a record of some company awards and compliments from co-workers and passengers.
Against that general background, the Rule 68 offer of judgment of less than $500 before trial is not of such significance in the context of this case to justify serious consideration by the plaintiff. At oral argument the defendant urged that even an offer of $10 would have met the requirements of Rule 68 and served the purpose of shifting cost liability. If that were so, a minimal Rule 68 offer made in bad faith could become a routine practice by defendants seeking cheap insurance against costs. The useful vitality of Rule 68 would be damaged. Unrealistic use of the rule would not encourage settlements, avoid protracted litigation or relieve courts of vexatious litigation.

[Id. at 701].

[Footnote omitted.]
Those of our sister states having a rule patterned on Fed. R. Civ. Proc. 68 and in which the question of the qualification of a token or nominal offer has been raised follow the reasoning of the Circuit Court in Delta Air Lines. Thus in People ex rel. Lockyer v. Fremont Gen. Corp., 89 Cal. App.4th 1260, 108 Cal.Rptr.2d 127 (2001), the court explained that:
The pertinent case law limitation on the operation of section 998 [California's analogue to Fed. R. Civ. Proc. 68] is simply that the offer be made in "good faith".... "Good faith requires that the pretrial offer of settlement be `realistically reasonable under the circumstances of the particular case. Normally, therefore, a token or nominal offer will not satisfy this good faith requirement....' The offer `must carry with it some reasonable prospect of acceptance....' One having no expectation that his or her offer will be accepted will not be allowed to benefit from a no-risk offer made for the sole purpose of later recovering large ... fees."
Id. at 135. [Citations omitted.]
See also, so holding, Weston v. Kuntz, 194 Mont. 52, 635 P.2d 269 (1981); Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983); Members Interior Constr., Inc. v. Leader Constr. Co., 124 N.C.App. 121, 476 S.E.2d 399 (1996); Black v. Roche Biomedical Labs., 315 S.C. 223, 433 S.E.2d 21 (Ct.App. 1993). And Florida's analogous statute has an express good-faith requirement of which the apparent nominal nature of the offer of judgment is construed as an element thereof. See, e.g., Fox v. McCaw Cellular Communications of Fla., 745 So.2d 330 (Fla.Dist.Ct.App.1998).
If a defendant regards an action against it as so entirely lacking in merit as to be frivolous, the recourse of R. 1:4-8 is available to it. If, however, the action has sufficient merit to survive an application for counsel fees under that rule, we think it clear that a defendant ought not to be able to obtain counsel fees by making an offer of judgment that, in the circumstances, is nominal or token. To conclude otherwise would constitute a virtual abandonment of the American rule. We add, moreover, that the trial judge is clearly in a position to determine, from the circumstances, whether the offer was made for *970 the genuine purpose of effecting a settlement of the action or merely as a fee-shifting device.
Since R. 4:58 does not expressly incorporate the nominal or token limitation, we refer the issue to the Civil Practice Committee for its consideration. We note the variety of approaches available, including letting the matter develop by judicial construction, or applying the limitations prescribed for unliquidated-damages actions to liquidated-damages actions, or specifically excluding from the benefit of the rule an offer that is nominal or token under the circumstances. There may be other approaches as well, and we commend the problem to the Committee's attention.
The summary judgment dismissing the complaint is reversed. The denial of plaintiffs' cross-motion for summary judgment is affirmed. The order allowing counsel fees pursuant to R. 4:58 is vacated. We remand for further proceedings.