40 A.3d 100

COURTNEY REID, PAULINE REID, AND RACHAEL REID, PLAINTIFFS, v. MATTHEW J. FINCH AND ABIGAIL S. FINCH, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 6, 2011.

*Paul K. Caliendo,* for plaintiffs (*Gill & Chamas,* attorneys).

*Peter DeSalvo,* for defendants (*Soriano, Henkel, Biehl & Matthews,* attorneys).

ROTHSCHILD, J.S.C.

The court has before it a motion for an award of counsel fees in accordance with the offer of judgment rule, which presents novel questions on how that rule should be interpreted.

*Facts and Procedural History*

This case stems from an automobile accident which occurred on September 9, 2005. As a result of the accident, plaintiff Courtney Reid ("Courtney") sustained extensive injuries, including a disrupted torn disc in his lower back, and allegedly missed ten months of work. Testimony at trial established that Courtney continues to feel pain as a result of injuries sustained in the accident, and that these injuries affect his life on a daily basis.

A complaint and jury demand was filed on August 8, 2008. On October 16, 2008, defendants filed an offer of judgment with respect to plaintiffs Courtney and Pauline Reid ("Pauline") in the amount of $40,000.[1] On December 17, 2009, court mandated

---

[1] Defendant also filed an offer of judgment with respect to plaintiff Rachael in the amount of $10,000. Rachael's claim was later resolved by an order of settlement on May 24, 2010.

arbitration resulted in an award of $110,000 in favor of plaintiffs. Defendants rejected the award and filed a demand for a trial de novo under *Rule* 4:21 A–6.

A jury trial was held before this court for four days in August 2011. On August 29, 2011, the jury returned a unanimous verdict in favor of plaintiffs, finding that Courtney suffered a permanent injury as a result of the accident; awarding Courtney $18,000 for pain suffering, disability, impairment and loss of enjoyment of life; awarding Pauline $2000 for loss of her husband's services, society, and consortium as a result of injuries sustained in the accident; and awarding Courtney $14,400 in wages lost as a result of the accident. The total amount of the verdict was $34,400. This verdict was molded by the court to $20,647 in order to take account of disability benefits received by Courtney during the periods for which lost wages were awarded by the jury.

On September 8, 2011, plaintiffs filed a motion returnable October 6, 2011, seeking either an additur or a new trial. Oral argument was held on October 6, 2011 before this court; the court denied the motion.

On October 20, 2011, defendants filed the motion at issue seeking an award of counsel fees, costs of suit, and reasonable litigation expenses in accordance with the provisions of *Rule* 4:58– 1 to –3. Defendants' certification, dated October 19, 2011, asks for an order awarding $30 for costs, $22,920 for attorney fees, and $3400 for reasonable litigation expenses, for a total award of $26,350, or $5703 more than the molded verdict. Plaintiffs' counsel has submitted proof that plaintiffs incurred expenses of $15,215.57 in costs to litigate this case and attorney's fees of $1,810.47. Therefore, if the motion is granted, plaintiffs stand to lose $22,729.04 as a result of bringing this lawsuit.[2]

---

[2] The court reached this number by totaling the following costs: $5703, the difference between the requested costs and the amount of the total award to plaintiff, $15,215.57 in costs, and $1810.47 in attorneys' fees.

## Legal Analysis

■  New Jersey Court *Rule* 4:58–3 provides:

(a) If the offer of a party other than the claimant is not accepted, and the claimant obtains a monetary judgment that is favorable to the offeror as defined by this rule, the offeror shall be allowed, in addition to costs of suit, the allowances as prescribed by *R.* 4:58–2, which shall constitute a prior charge on the judgment.

(b) A favorable determination qualifying for allowances under this rule is a money judgment in an amount, excluding allowable prejudgment interest and counsel fees, that is 80% of the offer or less.

(c) No allowances shall be granted if (1) the claimant's claim is dismissed, (2) a no-cause verdict is returned, (3) only nominal damages are awarded, (4) a fee allowance would conflict with the policies underlying a fee-shifting statute or rule of court, or (5) an allowance would impose undue hardship. If, however, undue hardship can be eliminated by reducing the allowance to a lower sum, the court shall reduce the amount of the allowance accordingly.

The rule is designed to be symmetrical to *Rule* 4:58–2, which provides that, in certain circumstances, a claimant who obtains a monetary judgment that is 120% of the offer of judgment or more may obtain his or her counsel fees. Both rules depart from the general "American" rule, which requires that litigants pay their own attorneys' fees regardless of the outcome at trial. *See* Albert Yoon, *Symposium on F.R.C.P. 68: Lessons from New Jersey,* 57 *Mercer L.Rev.* 827 (2006). This is so even though New Jersey has otherwise remained committed to the American rule "despite recurrent and considerable attention given to the history of [the] rule." Pressler & Verniero, *Current N.J. Court Rules,* comment 1 on *Rule* 4:58 (2012). *Rule* 4:58–3

is designed particularly as a mechanism to encourage, promote, and stimulate early out-of-court settlement of negligence and unliquidated damages claims that in justice and reason ought to be settled without trial. The rule was intended to penalize a party who rejects a settlement offer that turns out to be more favorable than the ultimate judgment.

[*Gonzalez v. Safe & Sound Sec.,* 185 *N.J.* 100, 124–25, 881 *A.*2d 719 (2005) *quoting Schettino v. Roizman Dev., Inc.,* 158 *N.J.* 476, 482, 730 *A.*2d 797 (1999).]

The offer of judgment rule, which was enacted in 1971, was amended in 1994 to abolish a $750 cap on attorneys' fees. The rule was further amended in 2004 after the Supreme Court, in *Schettino, supra,* 158 *N.J.* at 476, 730 *A.*2d 797, requested review by the Civil Practice Committee. The amended rule eliminates

the requirement that a claimant obtain a verdict of at least $750 in order for an offer to qualify for an allowance under the rule, and instead adds the provision that "[n]o allowances shall be granted if [ ] the claimant's claim is dismissed, [ ] a no-cause verdict is returned, [or] only nominal damages are awarded." Pressler & Verniero, *supra*, comment 1 on *Rule* 4:58.[3] The rule was again amended in 2006 to add the "undue hardship" and "conflict" provisions to 4:58–3(c)(4) and (5).

"Whereas most states simply modeled their offer-of-judgment rule on Federal Rule 68, New Jersey took a different approach. From its inception . . ., New Jersey's rule was more ambitious in scope." Albert Yoon & Tom Baker, *Offer–of–Judgment Rules and Civil Litigation: An Empirical Study of Automobile Insurance Litigation in the East,* 59 *Vand. L.Rev.* 155, 163, (2006). First, the New Jersey offer of judgment rule, *Rules* 4:58–2 and –3, allows both the plaintiff and the defendant to issue pre-trial settlement offers; the federal rule only allows a defendant to make a pre-trial offer. *Id.* at 163. Second, the cost-shifting sanctions attached to the New Jersey rule are much more signifi-cant than those attached to the federal rule. A party awarded costs under the New Jersey rule will be awarded both court costs and attorneys fees, while the party may only collect court costs under the federal rule.[4] *Id.* at 163.

---

[3] The 2004 amendment also abolished the dichotomy between liquidated and unliquidated damages in respect to the "margin of error," i.e., the recovery of less than eighty percent of the offer. The 2004 amendment also provides that attorneys' fees and prejudgment interest are to be disregarded when comparing the offer with the recovery; the amendment further requires that applications under the rule must be submitted within twenty days of final judgment. Pressler & Verniero, *supra,* comment 1 on *R.* 4:58.

[4] Although nearly every state has a cost-shifting offer-of-judgment provision, New Jersey is one of only six states to include attorneys' fees in costs awarded. *See* American College of Trial Lawyers, *Survey of State Offer of Judgment Provisions* (Oct.2004), *available at* http://www.actl.com/AM/Template.cfm? Section=Offers_of_Judgment&Template=/CM/ContentDisplay.cfm&ContentFile

Here, defendants contend that because the final judgment as molded was less than eighty percent of the offer of Judgment (i.e., was less than $32,000), *Rule* 4:58-3 applies and defendants are entitled to attorney's fees and actual litigation expenses incurred after the date of non-acceptance. Plaintiffs make three arguments why the rule should not apply in this case.[5]

### 1. The Timeliness Issue

■ Under *Rule* 4:58-6 and *Rule* 4:42-9(b), applications pursuant to the rule must be made within twenty days after the entry of final judgment. The parties disagree as to the definition of "final judgment." Plaintiffs contend that the date of final judgment should be calculated from the date the jury rendered its verdict— here, August 29, 2011. Defendants argue that final judgment has still not been entered because the clerk has not yet entered a judgment on the civil docket.

■ The court agrees that defendant did not file this motion out of time because no final judgment has been entered in this case. Under the rule,

[t]he notation of a judgment in the Civil Docket constitutes the entry of the judgment, and the judgment shall not take effect before such entry unless the court in the judgement shall ... direct that it take effect from the time it is signed.

[*Rule* 4:47 (emphasis added).]

The rule "states unambiguously that the timeliness of [most further action] is to be determined with reference to the date on which the judgment is docketed, not the date on which it is signed by the court." *Pogostin v. Leighton*, 216 *N.J.Super.* 363, 370, 523 *A.2d* 1078 (App.Div.1987). The judgment does not take effect

---

ID=120. on Colorado, Georgia, Illinois, Maryland, Ohio, and Pennsylvania do not have an offer of judgment provision.

5 In addition, plaintiffs argue that defense counsel failed to comply with *Rule* 4:58-1(a) which expressly requires that the offer of judgment be "filed with the Court." This argument fails because the court is in possession of the offer of judgment stamped "filed" by the court on October 16, 2009.

until its entry on the civil docket. *Frugis v. Bracigliano,* 351 *N.J.Super.* 328, 347–48, 798 *A.*2d 614 (App.Div.2002), *aff'd in part* and *rev'd in part on other grounds,* 177 *N.J.* 250, 827 *A.*2d 1040 (2003).

Here, an order of judgment was not entered at the end of the trial on August 29, 2011, because the issue of molding the verdict to take account of disability payments received by Courtney, pursuant to the collateral source rule, remained outstanding, as did the issue raised by plaintiffs' motion for an additur or new trial. The civil docket contains no entry of judgment as of the date of this motion.[6] Therefore, defendants did not file this motion out of time.

### 2. The Nominal Damages Issue

A fee allowance under the rule is mandatory if its terms are met, subject to the exceptions laid out in *Rule* 4:58–3(c). Under *Rule* 4:58–3(c)(3), no allowances will be granted if "only nominal damages are awarded."

■ Plaintiffs argue that, given plaintiffs' costs related to the suit and current and future medical costs, the jury award was nominal. Plaintiffs contend that their award should be considered in light of plaintiffs' expenses: $15,215.57 in costs to litigate this case, attorney's fees of $1,810.47, and $1200 which plaintiffs owe for medical co-payment and deductible.[7] If these costs (other than the $1200) are taken into account, plaintiff's net award will total $3,620.96.

Although the court understands that plaintiffs will receive a very small award after expenses are taken into account, there is

---

[6] *See* ACMS Public Access available at http://njcourts.judiciary.state.nj.us/ ACMSPA/index.jsp ("Judgment Entered: No") (December 2, 2011).

[7] The court does not believe that the $1200 can be taken into account when considering the costs of this suit. The $1200 was a cost of the injury, not a cost of the suit.

nothing in the rule to suggest that expenses should be taken into account when determining the amount of the award. The rule states that no allowances will be granted if "only nominal damages are awarded." The rule does not use language that suggests that expenses should be taken into account—for example, the rule does not state that no allowances will be granted if only nominal damages are "collected." The rule instead specifically applies to damages awarded, and therefore plaintiffs' other expenses cannot be taken into account when determining whether the award is nominal.[8]

The term "nominal" is not defined in the rule or in the comments, nor is there any case that is precisely on point. The case closest to point is *Frigon v. DBA Holdings, Inc.*, 346 *N.J.Super.* 352, 787 *A.*2d 966 (App.Div.2002), where defendant had made a $4000 offer on a $1,000,000 liquidated damages claim. When the case was dismissed on summary judgment, the trial court granted defendant counsel fees of $42,000. The Appellate Division held that the trial court correctly determined that the $750 minimal recover necessary to trigger the pre–2004 rule did not apply to liquidated damages claims. Judge Pressler noted, however, that there was a serious question as to whether the rule could apply if the offer, as in the case before her, were only token or "nominal." *Id.* at 353, 787 *A.*2d 966.[9] Since the Appellate Division decided the case on other grounds, *Frigon* is not controlling herein. It does, however, stand for the proposition that $4000 entered in a $1,000,000 liquidated damages claim, or .04% of the claim, may be nominal. Tellingly, Judge Pressler favorably cited a federal court

---

[8] Plaintiffs' counsel further argues that it is "disingenuous of the defense counsel to state that this jury verdict is not nominal in light of his own representations to attorneys in my firm following this verdict that he could not believe that the jury verdict was as low as it was." The court will disregard this argument, as it consists solely of inadmissible hearsay.

[9] *Frigon* involved the question of whether an *offer* was nominal under the rule, as opposed to the question of whether an *award* was nominal under the Rule; there is no conceptual difference.

case, *August v. Delta Air Lines, Inc.,* 600 *F.*2d 699 (7th Cir.1979) *aff'd* 450 *U.S.* 346, 101 *S.Ct.* 1146, 67 *L.Ed.*2d 287 (1981), wherein the Seventh Circuit held that a Rule 68 offer of judgment of less that $500 on a case involving $20,000, or 2.5% of the claim, was "minimal." *Frigon, supra,* 346 *N.J.Super.* at 356, 787 *A.*2d 966.

*Simon v. Cronecker,* 189 *N.J.* 304, 915 *A.*2d 489 (2007) is also instructive. In *Simon,* the Court was faced with deciding whether a third party investor had paid more than "nominal" compensation to a property owner in the context of *N.J.S.A.* 54:5–89.1, which allows third party investors to intervene in tax sale foreclosure actions if the owner is paid more than "only nominal consideration." *Id.* at 328, 915 *A.*2d 489. The Court wrote as follows:

In legal parlance, "nominal consideration" is defined as consideration that "bear[s] no relation to the real value of the contract or article, as where a parcel of land is described in a deed as being sold for '*one dollar,*' no actual consideration passing, or the real consideration being concealed." *Black's Law Dictionary* 278 (5th ed.1979). In common usage, the term nominal is identified with such synonyms as "*small,*" or "*trifling.*" *Webster's II New College Dictionary* 742 (2001).

[*Id.* at 332, 915 *A.*2d 489 (emphasis added).]

The Court declined to adopt a specific numerical definition of nominal, and declined to adopt the "percentages test," which defines nominal consideration as "any amount less than twenty-five percent of the market value of the property interest." *Id.* at 333, 915 *A.*2d 489. The Court instead concluded that the definition of "nominal" will depend on the circumstances of the case, but found that if a property owner receives some true value for the property—any amount which leaves the property owner better off than nothing at all—the consideration is not nominal. *Id.* at 334–35, 915 *A.*2d 489. Specifically, the Court noted that "nominal" has often been characterized as amounts of $25 or $50. *Id.* at 332–33, 915 *A.*2d 489.

The more than "nominal damages" requirement was inserted into *Rule* 4:58–3 in the 2004 amendment to replace the prior more than $750 damages requirement. Obviously, the Supreme Court would consider $750 "nominal" under the rule; it might agree with Judge Pressler in *Frigon* that $4000 award in a $1,000,000 poten-

tial case may be nominal; it might well agree with the seventh circuit in *Delta Air Lines, Inc., supra,* 600 *F.*2d at 699, that less than $500 was nominal in a $20,000 case.

█ In this case, the jury returned a verdict awarding plaintiffs $34,400, which was molded by the court to $20,647. Even if the court considers the award as molded, the award cannot be considered nominal. The award is more than fifty percent of the $40,000 offer of judgment, and approximately twenty percent of the $110,000 arbitration award, as compared to the .04% percentage in *Frigon* and the 2.5% percentage in *Delta Air Lines* as well as the $1, $25, and $50 amounts discussed by the Court in *Simon.* The sum of $20,647 is disappointing to plaintiffs, and surprising to almost everyone involved in the case, but is not "trifling."

### 3. The Undue Hardship Issue

Under *Rule* 4:58–3(c)(5), no allowances will be granted if the "allowance would impose an undue hardship." Under the rule, a reasonable fee will be fixed, and the court will then consider whether the award of that fee will constitute an "undue hardship" on the paying party. *Kas Oriental Rugs, Inc. v. Ellman,* 407 *N.J.Super.* 538, 562, 972 *A.*2d 413 (App.Div.2009).[10] If the court determines that an undue hardship will result, the court has the discretion to reduce the allowance to remove the hardship. *Id.* at 562, 972 *A.*2d 413. There is no dispute that the attorneys' fees requests are reasonable. Therefore, the court will only consider whether an award of those fees will constitute an undue hardship.

█ An award of defendants' requested costs will clearly constitute an undue hardship. As defendants admit in the November 23, 2011, letter to the court, "if meeting a legal obligation would constitute an unreasonable to insurmountable hardship," that obli-

---

[10] The Appellate Division vacated and remanded the decision of a trial judge that an award under the rule would impose an "undue hardship" because "the judge's analysis of the problem is not adequately explained". *Kas Oriental Rugs, supra,* 407 *N.J.Super.* at 562, 972 *A.*2d 413.

gation may be considered an undue hardship. Payment of the requested $26,350 will leave plaintiffs with nothing left over from the award of $20,647; instead it will leave plaintiffs owing an additional $5703 even though the plaintiffs won the lawsuit, and the jury found that Courtney was permanently injured by the accident. Further, plaintiffs have incurred expenses of $15,215.57 in costs to litigate this suit and attorney's fees of $1810.47 in this suit. Therefore, plaintiffs stand to lose $22,729.04 as a result of bringing a meritorious lawsuit ($5703 [the difference between the requested costs and the amount of the total award to plaintiff] + $15,215.57 + $1810.47).[11] A loss of nearly $23,000 as a result of bringing a meritorious lawsuit is an insurmountable hardship.

It could not have been the intent of the Supreme Court that a party should lose money simply because the party brought a non-frivolous suit.[12] The exceptions to *Rule* 4:58–3 for (1) dismissals, (2) no cause verdicts, and (3) nominal damages awards demonstrate the Court's intent that the rule not cause parties to *lose* money. Indeed, except in cases of bad faith and frivolous litigation under *Rule* 1:4–8, which is not even argued herein, there is no provision in the *Court Rules* causing a party to lose money merely because he or she brought a lawsuit.

However, the fact that the rule uses the words "lower" or "reduce" three times convinces the court that it does not have discretion to eliminate the costs altogether. The court will instead hold that the award sought in this case will impose an undue hardship because plaintiffs will lose money merely by bringing a meritorious lawsuit. Awarding defendants $3620.96 will cause plaintiffs to neither gain nor lose on the lawsuit since the molded verdict of $20,647 minus the amount of plaintiff's total litigation and attorneys' fees costs, $17,025.94, equals $3,620.96. Because

---

[11] The court also notes that Courtney has submitted a certification to the court which shows that he is already nearly bankrupt.

[12] The rules governing the courts of the State of New Jersey are adopted by the New Jersey Supreme Court. Pressler & Verniero, *supra,* Publishers Preface.

there is no proof that $3621.06 would cause plaintiffs an undue hardship, the court feels compelled to award defendants $3620.96 in costs under the rule.

### Conclusion

For the reasons enumerated above, the motion is granted, and $3620.96 in costs is awarded to defendant.