STATE OF MAINE
Penobscot, ss

SUPERIOR COURT
Docket No. CV-18-0136

Stephanie Goulet,
        Plaintiff,

v.

ORDER

USAA Insurance Agency,
        Defendant.

Before the Court are plaintiff Stephanie Goulet's motion for interests and costs and motion for attorney's fees. Defendant USAA opposes both motions.

Plaintiff's motions were filed on March 16, 2020. Defendant's reply was filed on April 22, 2020; this reply was timely under the extended deadlines established by the Maine Supreme Court's "Pandemic Management Order," PMO-SJC-2 issued on March 30, 2020 and revised on May 20, 2020. Section (C) of the management order provides that "49 calendar days are added to the final date of any unexpired deadline established by court order or court rules." "Pandemic Management Order," PMO-SJC-2(C)(March 30, 2020) (revised May 20, 2020).

<u>Background</u>

Plaintiff commenced this action on October 17, 2018 based on allegations that she was injured in an automobile accident and that her automobile insurer, USAA, is liable to her for payments under her insurance policy. Plaintiff brought further allegations that USAA failed to properly investigate her insurance claim and improperly denied her payments under her policy and therefore is liable to her under 24-A M.R.S. § 2436-A and for violations of Maine's Unfair Trade Practices Act.

The parties proceeded through discovery and in early 2020 the Court was in the process of scheduling a trial date that was agreeable for both parties.

On January 28, 2020, Defendant served upon the Plaintiff an Offer of Judgment. **The Offer of Judgment states, in essence: "In accord with the provisions of Rule 68 of the Maine Rules of Civil Procedure, the Defendant hereby makes an Offer of Judgment in the amount of Two Thousand Dollars . . ., inclusive of all amounts to which the Plaintiff may be entitled, fees, interests, and costs incurred to date."** (Def.'s Reply, Ex. A.)

**On February 5, 2020, the Court received a document entitled "Notice Regarding Offer of Judgment" from Plaintiff's attorney which stated that Plaintiff "accepts Defendant's Officer [sic] of Judgment of $2,000.00 with costs then accrued in accordance with [Rule 68]."** (Pl.'s "Notice Regarding Offer of Judgment".) The defendant's offer was not submitted together with the Notice as required by Rule 68. *See* M.R. Civ. P. 68.

Thereafter, on February 21, 2020, the Court received a "Stipulation to Judgment" signed by both of the parties. The **"Stipulation" stated that the parties "hereby stipulate to Judgment in favor of the Plaintiff, against the Defendant, in the amount of $2,000 on all counts of the Complaint."**

1

Relying on this stipulation, the Court issued a Judgment on March 3, 2020, which mirrored the Stipulation of Judgment stating that: **"Judgment is entered in favor of the Plaintiff and against the Defendant in the amount of $2,000 on all counts of the complaint."**

Two weeks later, Plaintiff filed motions seeking an additional $1,425.64 in interest and costs and $25,707.00 in attorney's fees. USAA opposed these motions on the grounds that Plaintiff had accepted the Defendant's Offer of Judgment when she filed her February 5, 2020 notice with the Court and that according to the terms of Defendant's offer, the judgment was for a lump sum of $2,000 inclusive of attorney's fees, interest, costs, and any other amount Plaintiff may be entitled on her claims.

Despite informing the Court that she had "accepted" the Offer of Judgment, Plaintiff contends that she refused Defendant's January 28 offer and that the parties instead agreed to a judgment of $2,000 not inclusive of attorney's fees which is represented in the notice of acceptance she filed with the Court. She further contends that the "Stipulation to Judgment" that was filed with the Court on February 21, 2020 is a superseding agreement and that the Court's judgment mirroring that stipulation is now controlling on this issue. She contends that according to the terms of the stipulation she is not precluded from seeking an award of attorney's fees, interest, and additional costs. (Pl.'s Reply ¶¶ 16-17.)

Defendant denies ever agreeing to a judgment against it on terms other than on the terms of the January 28 offer.

## Analysis

To begin, the Court must first look to the text of M.R. Civ. P. 68, which states in pertinent part:

> At any time more than 10 days before the trial begins or within such shorter time as the court may approve, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer or within such shorter time as the court may order the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment . . .

M.R. Civ. P. 68. The Rule is analogous to and derives from Federal Rule of Civil Procedure 68. *Fuller v. State*, 490 A.2d 1200, 1202 (Me. 1985); Fed. R. Civ. P. 68. Therefore, the Court will look to federal caselaw regarding application of federal Rule 68 as well as state law to adjudicate the parties' dispute. *See Fuller*, 490 A.2d at 1202 (Maine Rule 68 derives from the federal rule); *see generally Townsend v. S.K.R. Distribs.*, CV-02-0126, 2002 Me. Super. LEXIS 248, at *5 (Dec. 26, 2002) (relying on federal caselaw on federal Rule 68 to resolve a dispute occurring under M.R. Civ. P. 68).

2

The purpose of Rule 68 is to encourage settlement of civil disputes and avoid protracted litigation. *Fuller*, 490 A.2d at 1202; *Marek v. Chesny*, 473 U.S. 1, 5 (1985). It accomplishes this objective by two means. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). First, the Rule allows a defendant to make a firm, non-negotiable offer of judgment to the plaintiff. *Id.* "Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse." *Id.* If the plaintiff accepts, "the court automatically enters judgment in his favor; if he refuses, the case proceeds." *Id.; see* M.R. Civ. P. 68 (if the offer is accepted and one-party files the offer, notice of acceptance, and proof of service with the court "thereupon the clerk shall enter judgment"). Second, the Rule encourages plaintiffs to accept reasonable offers through a cost-shifting provision. *Util. Automation*, 298 F.3d at 1240. The Rule's cost shifting provision creates a significant disincentive for plaintiffs to reject an offer of judgment in favor of pursuing adjudication through trial by imposing a risk of being charged with "costs incurred after the making of the offer if the judgment finally obtained by the offeree is not more favorable than the offer." *Fafel v. DiPaola*, 399 F.3d 403, 413 (1st Cir. 2005). "Thereby, the Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Util. Automation*, 298 F.3d at 1240; *Marek*, 473 U.S. at 5.

It is well established that Rule 68 allows defendants to make lump sum offers of judgment inclusive of attorney's fees. *Townsend v. S.K.R. Distribs.*, CV-02-0126, 2002 Me. Super. LEXIS 248, at *5 (Dec. 26, 2002) (concluding that under Maine Rule 68 a defendant is "entitled to formulate and tender an offer that expressly encompassed attorney's fees"); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 401 (8th Cir. 1988) (Rule 68 allows defendants to make lump sum offers that are inclusive of attorney's fees); *see also Marek* 473 U.S. at 6-7. A Rule 68 offer does not need to expressly state 'inclusive of attorney's fees' for the offer to be inclusive of attorney's fees. *See Townsend*, 2002 Me. Super. at *7 (suggesting that if defendant's Rule 68 offer had impliedly excluded plaintiff from seeking attorney's fees plaintiff would not have been entitled to seek attorney's fees after accepting the offer); *Radecki*, 858 F.2d at 401 ("Rule 68 does not require a laundry list of the elements of relief included within an offer or specific mention of attorney fees, and it runs counter to the purpose of Rule 68 to assume that forms of relief not mentioned are not intended to be included within the sum offered").

To determine whether the parties have formed a Rule 68 agreement, courts apply ordinary contract law principles. *See e.g. Garayalde-Rijos v. Municipality of Carolina*, 799 F.3d 45, 47 (1st Cir. 2015); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Radecki.*, 858 F.2d at 400 ("to decide whether there has been a valid offer and acceptance for the purposes of Rule 68, courts apply the principles of contract law"); *Johnson v. Univ. College of the Univ. of Alabama*, 706 F.2d 1205, 1209 (11th Cir.), *cert. denied*, 464 U.S. 994 (1983) (for a Rule 68 agreement to have been formed, there must be a "meeting of the minds" under elementary principles of contract law). Under Maine law, "a contract exists when the parties mutually assent to be bound by all its material terms, the assent is either expressly or impliedly manifested in the contract, and the contract is sufficiently definite" to enable a court to determine its meaning and fix legal liability to the parties. *McClare v. Rocha*, 2014 ME 4, ¶ 16, 86 A.3d 22; *Pepperell Tr. Co. v. Mountain Heir Fin. Corp.* 1998 ME 46, ¶ 13, 708 A.2d 651. In regard to the mutual assent element, it is elementary that: "an offeree cannot accept a different offer from that made by the offeror. There must be a meeting of the minds." *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1209 (11th Cir. 1983). If the parties enter into a contract under an actual and honest misunderstanding then no contract is formed. *Clark v. Stetson*, 115 Me. 72, 76 (1916); *see* 1 Corbin on Contracts § 4.13 (2019) (if there has been no "meeting of the minds, the court will not hold a party bound by a contract

3

varying from the party's own understanding unless the context shows that this party's words and conduct gave the party reason to know that the other party would be and was in fact misled").

In determining whether parties have manifested assent to be bound by the material terms of the contract, contract law does not rely on the subjective intentions of the parties, instead it looks to the objective manifestations of intent that the parties have conveyed to one another. Restatement (Second) of Contracts § 18-23; *Radecki*, 858 F.2d at 402-403 ("materially different intent of the parties as manifested in their actions shows there was no mutual assent, and hence no binding agreement"); *Kirkland v. Sunrise Opportunities*, 200 F.R.D. 159, 161 (D. Me. 2001) ("contract formation has never been a matter of telepathy. . . [c]ontract law . . . looks to the manifestations of intent that the parties convey to one another"). Some courts that have addressed the specific issue of whether there has been the necessary manifestation of mutual assent to form a Rule 68 agreement (i.e. offer and acceptance), have followed the rule that the plaintiff's purported acceptance of the defendant's offer must "mirror" the offer. *Radecki.*, 858 F.2d at 403 (holding that parties did not form Rule 68 agreement where the plaintiff's purported acceptance did not "sufficiently reflect" the defendant's offer and "therefore does not amount to an acceptance"). Lastly, the Court must note that under the common law of contracts an offer is not altered unless and until the offeree receives the new offer—'the offeror is the master of their offer.' *Kirkland*, 200 F.R.D. at 161 (referencing Restatement (Second) of Contracts § 42).

When Plaintiff filed her Notice of Acceptance with the Court on February 5, 2020, the only offer from the defendant for which Plaintiff had a power of acceptance was the January 28 offer. It is an elementary principle of contract law that an offeree cannot accept a different offer from that made by the offeror and that an offer is not altered unless and until the offeree receives a new offer. The plaintiff's Notice of Acceptance did not operate to accept a new or amended offer from the defendant.

As this dispute demonstrates, the inclusion or exclusion of fees, interests, and other sums such as attorney's fees were material terms to any settlement that were of utmost importance to the parties.

The Court has thought long and hard about whether Plaintiff's letter to the Court stating Plaintiff "accepts Defendant's Officer [sic] of Judgment of $2,000.00 with costs then accrued in accordance with [Rule 68]," requires that Plaintiff be deemed to have accepted the Rule 68 Offer of Judgment as extended by the Defendant. Ultimately, however, the Court finds that Plaintiff did not accept Defendant's January 28 offer as the plaintiff did not manifest assent to the terms of that offer, despite Plaintiff's letter to the Court stating Plaintiff "accepts Defendant's Officer [sic] of Judgment of $2,000.00 with costs then accrued in accordance with [Rule 68]."

The Court next finds that the parties did not form a different agreement for a judgment of $2,000 not inclusive of attorney fees, interest, or costs because the Defendant did not manifest assent to those terms. Ms. Hurley's email correspondence with Willey Law Offices on January 31, 2020 and her Affidavit make clear that Defendant never agreed to anything -- other than paying Plaintiff $2,000 and no more, as stated in the Offer of Judgment. (Def. "Surreply," Ex. C.) (Hurley Aff. ¶ 10.) Defendant never amended its January 28 offer, made a subsequent offer, or manifested assent to any agreement on terms other than its January 28 offer.

Plaintiff points to Defendant's signing of the subsequent "Stipulation to Judgment" and the filing of the Stipulation with the court as showing that Defendant accepted an agreement for $2,000 not inclusive of attorney fees, interest, or additional costs. It is clear that Defendant understandably believed that Plaintiff had accepted the Offer of Judgment when Plaintiff's counsel wrote: **"accepts Defendant's Officer [sic] of Judgment of $2,000.00 with costs then accrued in accordance with**

4

**[Rule 68]"** and that the stipulation merely memorialized this agreement. In signing the "Stipulation to Judgment" and filing it with the Court, Defendant intended simply to prompt the Court to enter the Rule 68 judgment on the docket, not to accept some new agreement on the terms argued by the plaintiff. *See* (Hurley Aff. ¶¶ 6-12.).[1]

In Defendant's Surreply, it implicitly requested that the Court vacate the Judgment if the Court found that the Offer of Judgment was not accepted as written[2]. In her argument to the Court, Defendant's counsel explicitly moved that the Court vacate the Judgment if it found that the Offer of Judgment was not accepted as written[3].

Under the circumstances of this case, there was no settlement agreement. Plaintiff did not accept the Offer of Judgment as extended and Defendant did not agree to any other settlement terms. There was no meeting of the minds. Pursuant to M.R. Civ. P. 60, the Court vacates the Judgment[4].

Lastly, to the extent Plaintiff received $2,000 from the Defendant, Plaintiff is hereby ordered to return $2,000 to the Defendant within 10 days of this Order.

Entry:
1. The Court's Judgment signed on March 3, 2020 and entered on the docket on March 5, 2020 is vacated.
2. Plaintiff's Motion for Attorney's Fees and Costs is denied.
3. Plaintiff's Motion for Interest and Bill of Costs is denied.
4. To the extent Plaintiff received $2,000 from the Defendant, Plaintiff is ordered to return $2,000 to the Defendant within 10 days of this Order.
5. This matter is returned to the trial list.

6/18/2020
_____
Date

_____
Ann M. Murray, Justice
Maine Superior Court

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: 6-19-2020

---

[1] Plaintiff's argument that the Stipulation to Judgment "superseded" the Defendant's offer is without merit as the parties never formed a valid Rule 68 agreement. If the parties had formed a valid Rule 68 agreement, the Court's judgment following the stipulation would not have superseded or replaced the terms of the Defendant's January 28 offer; rather the Court's judgment would have necessarily incorporated the terms of the January 28 offer. *Fafel*, 399 F.3d at 413-414 (a Rule 68 agreement is generally self-executing and the court's entry of judgment necessarily incorporates the terms of the defendant's underlying offer).

[2] The relevant section of the Surreply states: "To the extent that the defendant's Rule 68 Offer of Judgment were [sic] not a binding and self-executing judgment, then the exhibits placed before this Court unequivocally establish that there was not meeting of the minds of this essential term of the parties' settlement, rendering the Stipulation to Judgment voidable." (Def.'s "Surreply," 5.)

[3] At oral argument, defense counsel argued: "If the court believes that the plaintiff didn't have the intent to accept that offer of judgment [meaning Def.'s Jan. 28 offer] then I would ask that the judgment be vacated and we set the case for trial."

[4] Neither the doctrine of "law of the case" or "res judicata" are applicable in this circumstance.

5